741 So.2d 1003 (1999)
Terry Lamar BIGGERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00214-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*1004 David Clay Vanderberg, Hernando, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE KING, P.J., PAYNE AND THOMAS, JJ.
PAYNE, J., for the Court:
¶ 1. Terry Lamar Biggers was convicted on the charge of aggravated assault in the Circuit Court of Panola County, Mississippi, Second Judicial District. He has appealed to this Court and presents three issues for our consideration which he claims warrant a reversal of his conviction. We disagree and affirm.
¶ 2. On appeal Biggers argues that he was denied his right to a speedy trial, that the court should have granted his jury instruction on the lesser-included-offense of simple assault, and that the court should have granted his peremptory instruction and motion for new trial and JNOV.

FACTS
¶ 3. Terry Biggers was tried and convicted for the aggravated assault of his wife, Margaret Biggers. Because of marital problems, the couple had separated and Margaret Biggers had filed for divorce. Despite this, the couple was still living in the same house.
*1005 ¶ 4. On Saturday, April 19, 1997, Margaret and a friend, Gary Smith, spent the day together at Margaret's grandfather's farm. During the course of the day on the farm, Margaret received a minor bump to her arm when a horse kicked her. After spending time at the farm, Margaret and Gary Smith went to the Pizza Hut in Batesville. While Margaret and Gary Smith were there eating, Gary Smith's ex-girlfriend, Cynthia Truman, began harassing the couple. When Margaret and Gary were leaving the Pizza Hut, Truman slapped Margaret on the cheek causing some redness to her skin.
¶ 5. On Sunday, April 20, Margaret, after spending most of the day with Gary Smith, returned to her house at approximately 4:30 p.m. Margaret testified that Terry severely hit her when she entered the house. Further, she testified that Terry stomped her with his shoes and threatened her life. Margaret testified that during this attack she jumped out the window and fell about six feet trying to escape. Margaret stated that she drifted in and out consciousness during the attack.
¶ 6. Terry Biggers's version of the facts, not surprisingly, differ somewhat. He testified that Margaret was already injured when she returned to the house. While Margaret was at home, according to Terry, she received additional injuries when she fell off a chair and hit her head on a hardwood table and when she fell in the bathroom on the tub and commode. Terry conceded the fact that Margaret did jump out of the window. However, he testified that she jumped out on her own initiative.
¶ 7. On the evening of April 20, Terry took Margaret to South Panola Community Hospital. At trial, Dr. Tom Glasgow and Dr. William Mayo testified that Margaret had severe injuries to several parts of her body including her facial area. The record indicates that Margaret had three broken bones in her jaw, her nose and her eye orbit. The medical testimony was that her injuries were consistent with a severe beating and not consistent with a series of falls. The cleat pattern on the victim also matched the cleats on the shoes Biggers was wearing the day of the assault.
¶ 8. The South Panola Community Hospital notified the Panola County Sheriff's Department concerning Margaret's injuries, and Terry was placed in police custody. Deputy McGee testified that the blood all over the victim's house was consistent with her having been beaten severely.

DISCUSSION

Was Biggers Denied His Speedy Trial Rights?
¶ 9. Terry Biggers argues on appeal that the trial court erred in denying his motion for lack of a speedy trial. Biggers argues that he was arrested on April 20, 1997, and was not tried until January 12, 1998. Biggers contends that this delay was a violation of his constitutional rights. We disagree.
¶ 10. The Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution both guarantee the right to a speedy trial which attaches at the time of arrest. Atterberry v. State, 667 So.2d 622, 626 (Miss.1995). Where a defendant asserts a constitutional speedy trial violation, the Court considers four factors established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors are length of delay, reason for delay, whether the defendant has asserted his right to a speedy trial, and whether the defendant was prejudiced by the delay. Johnson v. State, 666 So.2d 784, 792 (Miss.1995). No specific mathematical formula exists with regard to how the weighing and balancing must be performed. The totality of the circumstances must be considered, and no one factor is dispositive. McGhee v. State, 657 So.2d 799, 801 (Miss.1995). In Smith v. State, 550 So.2d 406, 408 (Miss.1989), the court stated that any delay of eight months or longer is presumptively prejudicial. *1006 This factor does not require reversal in and of itself, but requires a close examination of the remaining factors. Johnson, 666 So.2d at 792. If a delay is not presumptively prejudicial, the court does not need to examine the remaining factors. Id. Where a delay is caused by the defendant, the constitutional clock is tolled for that period of time. Id. at 793. A delay caused by changes in the defendant's attorney cannot be weighed against the State because it is beyond the State's control. Id. at 792. The period of delay attributable to the defendant and his counsel is to subtracted from the total days of delay. Id.
¶ 11. Our review of the record in this case shows that the time period between arrest and trial constituted a delay of 267 days prior to being tried. This is actually three days under the 270 days established in Smith. Technically, the Court does not have to apply the Barker test to this case. Nonetheless, the Court will apply the prongs of Barker to ensure adequate review of the defendant's constitutional rights.
¶ 12. The court was set to hear Biggers's case on October 13, 1997. Because of the number of cases and order on the docket, the court started the trial of State verses Frank Joe Steed, CR96-13-B-P2 on October 13, 1997. That trial was not complete until October 16, 1997, which left no available time to try this case during the October 1997 term of the court. The trial judge then issued a continuance until the next regular session and scheduled the case for January 12, 1998. Where the reason for the delay is overcrowded dockets, the Mississippi Supreme Court has stated that this will not be weighed against the State. McGhee, 657 So.2d at 802. Biggers filed a motion to dismiss on June 30, 1997, and an order denying the motion was filed on September 9, 1997, following a hearing on August 29, 1997. The total period of delays is well below the eight month limit when these factors are taken into account.
¶ 13. Although a defendant is not required to demand a speedy trial, his assertion will weigh in his favor. Johnson, 666 So.2d at 793. Biggers raised his motion to dismiss two months prior to the actual scheduled date for the trial. This factor weighs in favor of Biggers. However, in Adams v. State, 583 So.2d 165, 170 (Miss.1991), the Mississippi Supreme Court observed that a demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial. Such a motion seeks discharge, not trial. In that case the court held that a demand for dismissal coupled with a demand for an instant trial was insufficient to weigh this factor in favor of the defendant, where the motion came after the bulk of the entire period of delay had elapsed. Perry v. State, 637 So.2d 871, 875 (Miss.1994). In this case Biggers never demanded a trial; he demanded a dismissal arguing that his rights to a speedy trial had already been violated.
¶ 14. Biggers claims he "feels" that the 267 day delay was prejudicial to his case. When addressing a defendant's claim to prejudice under the context of length of delay, the court reviews two factors: whether the delay impaired the defendant's ability to defend himself and whether the defendant suffered unreasonable restraints to his liberty. Polk v. State, 612 So.2d 381, 386 (Miss.1992). Biggers has failed to explain how these factors would apply to his case. The delay of trial from October 1997 to January 1998 certainly did not impair the defendant's ability to defend himself. If anything, it would have given Biggers more time to prepare an adequate defense. The Court realizes that the delay may have caused Biggers to feel more anxiety regarding the legal process. Biggers's feeling of anxiety alone does not amount to prejudice worthy of reversal. Duplantis v. State, 708 So.2d 1327, 1336 (Miss.1998).
¶ 15. The Mississippi Supreme Court summed up the speed trial analysis in *1007 Duplantis by stating, "[w]here the delay is neither intentional nor egregiously protracted, and there is a complete absence of actual prejudice, the balance is struck in favor of rejecting a speedy trial claim." Id. Considering the totality of the circumstances, this Court feels that Biggers has not been denied his constitutional right to speedy trial. Accordingly, we find no merit to this issue.

Did the Trial Court Err in Denying a Lesser-Included-Offense Instruction for Simple Assault?
¶ 16. Biggers argues that the trial court incorrectly denied Jury Instruction D-2, an instruction which would have allowed the jury to find Biggers guilty of the lesser-included-offense of simple assault. Biggers supports this argument by pointing to testimony that Margaret's injuries were inflicted by others or through a series of accidents. Biggers contends that Margaret received injuries from an accident with a horse, by being slapped by Cynthia Truman, and by accidentally falling on a chair and out a window. Relying on Robinson v. State, 571 So.2d 275, 276-77 (Miss.1990), Biggers claims the evidence and testimony have sufficiently "muddied the water" enough to require a lesser-included instruction. We disagree with this conclusion and believe the evidence and testimony warrant an instruction only on aggravated assault.
¶ 17. The Mississippi Supreme Court has stated that "the evidence in a particular case generally warrants granting a lesser-included offense instruction if a `rational' or a `reasonable' jury could find the defendant not guilty of the principal offense charged in the indictment, yet guilty of the lesser-included offense." Monroe v. State, 515 So.2d 860, 863 (Miss.1987) (citations omitted). See also Abram v. State, 606 So.2d 1015, 1035 (Miss.1992); Ormond v. State, 599 So.2d 951, 960-61 (Miss.1992); Holland v. State, 587 So.2d 848, 869-70 (Miss.1991).
¶ 18. In the case at bar, the State showed that Margaret was physically assaulted by Biggers and that she was seriously injured. Furthermore, the evidence showed that Biggers was either not guilty (since he argued that Margaret's injuries were caused accidentally), or that he was guilty of aggravated assault as he caused injury under circumstances manifesting extreme indifference to the value of human life using a means of producing serious bodily harm. The evidence did not show that Biggers was guilty of simple assault. The lesser-offense instruction of simple assault was properly refused by the trial court.

Should the Court have granted a peremptory instruction or granted the motion for new trial or JNOV?
¶ 19. Biggers contends that the trial court erred by denying his motion for JNOV based on the sufficiency of the evidence. He challenges the jury verdict by arguing that the verdict was based on insufficient evidence.
¶ 20. Motions for directed verdict and JNOV involve consideration of the evidence before the court when made. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). The same standard is used to review overruled motions for both directed verdict and JNOV. See Wetz v. State, 503 So.2d 803, 808 (Miss.1987) (standard of review in directed verdict cases); McClain, 625 So.2d at 778 (standard of review in JNOV cases). The Mississippi Supreme Court has stated the standard of review when reviewing the legal sufficiency of the evidence as follows:
[We] must, with respect to each element of the offense, consider all of the evidence not just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence *1008 are to be resolved by the jury. We may reverse only where, with respect to one or more or the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz, 503 So.2d at 808 (citation omitted).
¶ 21. The evidence in the present case was legally sufficient for the court to deny Biggers's motion for JNOV. According to the record, both Margaret and her son, Tyler Houston, testified to the assault by Biggers. The severity of Margaret's injuries was verified by the expert medical witnesses the State presented at trial. Likewise, several bruise marks on Margaret's body matched the cleat pattern on Biggers's shoes. Further, the sheriff's department upon investigation of Margaret's house found blood trails consistent with Margaret's testimony regarding the assault.
¶ 22. Biggers claims that Margaret received her injuries before she returned home and that other injuries resulted from certain accidents at home. Despite this testimony, the trial court had adequate evidence presented by the State to deny the peremptory instruction of not guilty of aggravated assault of Margaret Biggers. The evidence presented by the State was legally sufficient to support the guilty verdict, and therefore the JNOV was properly denied.
¶ 23. Biggers's request for a new trial is based on the contention that the jury verdict was against the overwhelming weight of evidence. The Mississippi Supreme Court has held repeatedly that the weight of the evidence is a question for the jury and the jury will not be overturned unless there is manifest injustice. McClain, 625 So.2d at 781. The court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." Id. See also Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993); Kelly v. State, 553 So.2d 517, 522 (Miss. 1989).
¶ 24. Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the court's sound discretion." McClain, 625 So.2d at 781 (citing Wetz, 503 So.2d at 807-08). The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." Id. On review, the appellate court will accept as true all evidence favorable to the State and will reverse only for abuse of discretion. Id.
¶ 25. Here, the jury heard the witnesses and saw the evidence for both Biggers and the State. The jury was well within its power to weigh the evidence and the credibility of the witnesses' testimony and to find the evidence sufficient to convict Terry Biggers. The trial court did not abuse its discretion by refusing to grant a new trial on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that, to allow it to stand, would have been to promote an unconscionable injustice. The trial court properly denied Biggers's motion for a new trial.
¶ 26. In conclusion, the trial court did not err in denying Biggers's motion for a JNOV or new trial. The evidence was sufficient to deny the motion for JNOV since it was not such that reasonable and fair-minded jurors could only find Biggers not guilty. The jury weighed the credibility of the witnesses and the evidence in reaching its verdict. The verdict was not contrary to the overwhelming weight of the evidence. We affirm the judgment of the trial court.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT *1009 OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. PANOLA COUNTY IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., KING, P.J., COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
SOUTHWICK, P.J., CONCURS IN RESULT ONLY.
BRIDGES, J., NOT PARTICIPATING.