843 So.2d 99 (2003)
Latesha Lavette OSBORNE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00875-COA.
Court of Appeals of Mississippi.
April 15, 2003.
*100 David Clay Vanderburg, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Latesha Lavette Osborne was convicted in the Circuit Court of DeSoto County of aggravated assault and sentenced to twenty years in the custody of the Mississippi Department of Corrections with the last fourteen years of the sentence suspended pending good behavior. Aggrieved, she asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR MISTRIAL WHEN THE STATE'S WITNESS STATED THAT THE DEFENDANT WAS GAY.
II. THE TRIAL COURT ERRED IN DENYING THE JURY INSTRUCTION D-2, THE SELF-DEFENSE JURY INSTRUCTION.
III. THE TRIAL COURT ERRED IN DENYING THE LESSER-INCLUDED JURY INSTRUCTION OF SIMPLE ASSAULT.
Finding no error, we affirm.

FACTS
¶ 2. Latesha Osborne and two of her friends were riding down Goodman Road in DeSoto County on December 20, 2001. They passed a vehicle which contained Samantha Yates, Freddie Lockett, and Lena Pate. Although testimony at trial differed as to the remaining facts, shortly after they passed each other both vehicles ended up at a small gas station in DeSoto County. Osborne testified that she was attacked by Freddie Lockett. Witnesses for the State testified that Osborne approached Lockett first with a box cutter. According to testimony, when Lockett ran out of her reach, she went back by his car, stuck the box cutter in through the rolled down window, and cut Samantha Yates on the neck.
¶ 3. At trial, Osborne testified that she did not have a box cutter and did not touch Samantha Yates or cut her at any time but instead that she fought with Freddie Lockett in self-defense. At the conclusion of trial, the jury found Osborne guilty of aggravated assault, and she was sentenced to twenty years with the last fourteen suspended. Osborne then perfected this appeal to this Court.

ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING DEFENDANT'S MOTION FOR MISTRIAL WHEN THE STATE'S WITNESS STATED THAT THE DEFENDANT WAS GAY?
¶ 4. Osborne asserts that the trial court erred in denying her motion for mistrial when Lena Pate, an eyewitness for the State, testified on direct examination *101 that Osborne was "gay," implying that Osborne was homosexual. Pate made the statement twice, and both times Osborne's counsel objected on the grounds of hearsay and relevancy. The trial court sustained both objections and admonished the jury to disregard the testimony. Osborne's counsel then moved for a mistrial which the trial court denied. Osborne now asserts that she was denied a fair and impartial trial because of Pate's testimony in front of the jury.
¶ 5. "Case law unequivocally holds that the trial judge `is in the best position for determining the prejudicial effect' of an objectionable comment." Alexander v. State, 602 So.2d 1180, 1182 (Miss. 1992). The trial judge is vested with discretion to determine whether a comment is so prejudicial that a mistrial should be declared. Edmond v. State, 312 So.2d 702, 705 (Miss.1975). Absent "serious and irreparable damage," the trial judge should request the jury to disregard the improper statement and deny any motion for a mistrial. Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990). "It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result." Estes v. State, 533 So.2d 437, 439 (Miss.1988). We presume that the jurors will follow the instructions given by the court. Payne v. State, 462 So.2d 902, 904 (Miss.1984). "To presume otherwise would be to render the jury system inoperable." Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985).
¶ 6. In applying the law to the facts in the case at bar, we hold that the trial judge did not abuse his discretion by refusing to declare a mistrial. The comment was minimally prejudicial, if at all. Osborne herself referred to the comment in her own testimony as being a reason for the confrontation at the gas station. When asked about the motive the State's witnesses would have to testify that she had cut Yates' throat, Osborne testified, "We've had previous confrontations. They don't like me for some reason. Over ... like she was trying to tell you earlier, over a girl." Osborne seems to be referring to the testimony of Lena Pate about her girlfriend and that she was gay. This issue is without merit.

II. DID THE TRIAL COURT ERR IN DENYING THE JURY INSTRUCTION D-2, THE SELF-DEFENSE JURY INSTRUCTION?
¶ 7. Osborne asserts that the trial court erred in denying her jury instruction D-2, which was a self-defense instruction. The State asserts that there was no evidence that Osborne acted in self-defense. Osborne testified that she was attacked by Freddie Lockett and that she acted in self-defense in fighting with him. However, she repeatedly testified that she had no contact with Samantha Yates, the victim. Osborne testified that at no point did she touch, cut, or otherwise harm Yates and that she did not know how she was cut or who did it.
¶ 8. This is very similar to the case of Oatis v. State, 726 So.2d 1230 (Miss.Ct. App.1998). In Oatis, a defendant was charged with aggravated assault on a police officer. Oatis, 726 So.2d at 1231(¶ 1). The defendant claimed that he never touched the officer, but requested a self-defense instruction which the trial court denied. Id. at 1233(¶ 7). This Court held on appeal, "without Oatis saying that he hit the officer in necessary self-defense, there is no basis to instruct the jury as to that possibility." Id. at (¶ 8). "Quite simply, self-defense was not Oatis's explanation for what happened." Id. "Whether the self-defense issueor any other issue of factshould be submitted to the jury *102 ultimately turns on whether there is in the record credible evidence supporting it." Anderson v. State, 571 So.2d 961, 964 (Miss.1990).
¶ 9. Osborne claimed to have no idea how Yates was injured. Along with this claim, there was no evidence to support a self-defense instruction. The trial court did not err in denying the instruction. This issue is without merit.

III. DID THE TRIAL COURT ERR IN DENYING THE LESSER-INCLUDED JURY INSTRUCTION OF SIMPLE ASSAULT?
¶ 10. Osborne asserts that the trial court erred in denying her lesser-included offense jury instruction of simple assault. Osborne contends that she was fighting in self-defense and denies having had a weapon. In her brief, Osborne states that any injuries received by Yates were the result of a fist fight and therefore would come under simple assault. This contradicts Osborne's testimony where she stated that she did not touch Yates and had no idea how she was injured.
¶ 11. The Mississippi Supreme Court has stated that "the evidence in a particular case generally warrants granting a lesser-included offense instruction if a `rational' or a `reasonable' jury could find the defendant not guilty of the principal offense charged in the indictment, yet guilty of the lesser-included offense." Biggers v. State, 741 So.2d 1003, 1007(¶ 17) (Miss.Ct. App.1999). Like the case in Biggers, in the case at bar Osborne was either not guilty since she claimed she did not know how Yates was injured and that she did not touch Yates, or she was guilty of aggravated assault as she caused injury under circumstances manifesting extreme indifference to the value of human life using a means likely to produce serious bodily harm. Id. at 1007(¶ 18). Yates was cut on the neck by some sort of sharp object. Eyewitness testimony by multiple witnesses was that Osborne inflicted the injury on Yates with a box cutter. There was no evidence to support a lesser-included offense instruction for simple assault. This issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST FOURTEEN YEARS SUSPENDED AND PAY RESTITUTION OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.