MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J.,
for the Court.
¶ 1. The previous opinion of this Court is withdrawn and this opinion substituted. We grant the State’s motion for rehearing and supplement the record to include documents to address the problems raised in the previous opinion and eliminate the necessity of a remand of this case.
¶ 2. James C. Mathis was denied any relief after filing a motion for post-conviction relief in the Circuit Court of Lafayette County. Relief was denied without a hearing, and Mathis has appealed. Among the issues raised in his pro se appeal is an assertion that his due process rights were violated when his probation was revoked in a proceeding for which he did not receive proper notice. Finding that the trial court properly denied Mathis relief on this claim, we affirm.
¶ 3. Mathis was brought before the circuit court for a probation revocation hearing in August 2002. The record includes the transcript of the revocation hearing. The circuit judge specifically asked Mathis, “Have you had an opportunity to go over the petition?” And stated, “You know what’s been filed against you.” No where in the hearing does Mathis indicate that he did not have proper notice of the hearing or that he was not aware of the specific grounds for the revocation of his probation. At the hearing when asked by the circuit judge if he- was guilty of refusing to take a drug, test, Mathis admitted, “I refused to take the test.” After hearing this admission, the judge stated that he was “going to require Mathis to serve the balance of the sentence. Whatever is left on it, you’ll serve it.”
¶ 4. As the court noted, this August 2002 hearing was not Mathis’ first probation revocation hearing. The record contains two previous orders revoking probation and imposing sentence. Condition (k) on both orders states: “Submit, as provided in Section 47-5-601 to any .type of breath, saliva or urine chemical analysis test, the purpose of which is to detect the-possible presence of alcohol or a substance prohibited or controlled by any law of the State of Mississippi or the United States.” At the August 2002 hearing, the court noted:
[Y]ou were indicted in this county for burglary of a dwelling, and that was reduced. You were sentenced on a burglary, put on probation, revoked, out again, indicted for burglary of a dwelling in the year 2000, reduced to burglary, put in the house arrest program, revoked, sent to the penitentiary, released from the penitentiary, put back out on post-release supervision. I don’t -know of any other opportunity the State of Mississippi has to do anything to you. I mean they’ve tried probation, tried incarceration in the penitentiary, tried post-release supervision.-...”
¶ 5. Mathis subsequently filed a motion in which he alleged under oath that he had not received notice of the hearing that properly informed him of the allegations upon which revocation was sought, made the necessary disclosures of the evidence of the violation, and offered him a reasonable time to prepare for the hearing. As the record clearly indicates, Mathis did not raise these issues at the time of the revocation hearing even when the court *800 gave Mathis the opportunity. The appeal record, including the supplemental documents, also shows that Mathis cannot claim to be ignorant of the terms of probation or the basis for the court’s action in this case.
¶ 6. The circuit court, when faced with a motion for post-conviction relief, may summarily deny relief where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Rev.2000). In reviewing the trial court’s denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). Here, the court found that Mathis “was not deprived of any constitutional rights, either at his original sentencing or the subsequent probation revocation proceedings.”
¶ 7. We conclude that Mathis is, in fact, not entitled to any relief on the basis of his motion. The record conclusively shows that Mathis had notice of the terms of probation and that the court had a sufficient basis for revoking probation. Mathis’ own statements to the court clearly support this conclusion. We affirm.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.