897 So.2d 997 (2004)
Christopher C. MOORE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01009-COA.
Court of Appeals of Mississippi.
September 28, 2004.
Rehearing Denied January 11, 2005.
Certiorari Denied April 7, 2005.
*998 Christopher C. Moore, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
CHANDLER, J., for the Court.

STATEMENT OF THE CASE
¶ 1. On September 19, 2000, Christopher Moore filed a motion seeking post-conviction relief which the Circuit Court of Lee County, Mississippi denied on the grounds that he was not entitled to a hearing. He filed a second post-conviction relief motion on April 12, 2003, which the circuit court dismissed as a successive writ. He appeals and argues that the trial court erred in its rulings pertaining to both motions.

STATEMENT OF THE ISSUE

WERE MOORE'S MOTIONS FOR POST-CONVICTION RELIEF PROPERLY DISMISSED?

*999 FACTS
¶ 2. Christopher Cornielus Moore was indicted in Lee County for the sale and transfer of cocaine, and for simple possession of cocaine for a separate arrest. On October 16, 1998, following a plea-qualification hearing, he entered guilty pleas.
¶ 3. Sentencing was held on November 4, 1998, when the trial judge sentenced Moore to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC), to be served concurrently with a term of three years for simple possession of cocaine. The judge assigned the first year of his sentence as a house arrest, subjecting him to an Intensive Supervision Program (ISP) for 365 days. Afterwards, he was to remain in the custody of MDOC. Both orders stated that "[i]f the defendant should fail to successfully complete the Intensive Supervision Program, the Mississippi Department of Corrections may, without further orders of this Court, place the defendant in whatever Mississippi Department of Corrections facility deemed appropriate to complete said sentence."
¶ 4. MDOC issued a Rule Violation Report (RVR) on November 8, 1998, after Moore admitted to a crime while serving under house arrest. After the trial judge had been advised that Moore had failed to complete his ISP, he signed an order approving the placement by the MDOC of Moore in whatever facility they deemed appropriate.
¶ 5. Moore filed his first motion for post-conviction relief on September 19, 2000, complaining that his ISP was revoked without a probation hearing which, Moore claims, denied him due process of the law. On February 5, 2001, the trial court denied relief on the grounds that Moore was not entitled to a revocation hearing, as he was in the custody of MDOC and, pursuant to the judgment, he would be immediately housed at MDOC to complete his sentence without a hearing.
¶ 6. Moore filed his second motion for post-conviction relief, a motion to vacate his sentence and plea, on April 12, 2003, claiming involuntariness of his guilty plea on October 16, 1998, and ineffective assistance of counsel. On April 14, 2003, the new trial judge to whom the case was assigned dismissed this motion, holding that it was barred as a successive writ.

ANALYSIS

WERE MOORE'S MOTIONS FOR POST-CONVICTION RELIEF PROPERLY DISMISSED?
¶ 7. The State argues that Moore was afforded proper due process in accordance with the procedures adopted by the Mississippi Department of Corrections. We agree. The decision of MDOC to change Moore's status from house arrest to the general prison population was an administrative decision. See, e.g., Edwards v. Booker, 796 So.2d 991 (Miss.2001). Mississippi Code Annotated § 47-5-807 (Rev.2000), which provides for judicial review of agency decisions, provides for the right of judicial review as follows: "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." In this case, Moore received a hearing before a disciplinary committee within MDOC, on December 16, 1998, and was granted an appeal from this hearing decision on December 31, 1998. Therefore, Moore had until January 31, 1999, to appeal to the circuit court, but he did not do so until September 19, 2000.
¶ 8. The State also points out that the circuit judge did not remove Moore from *1000 the ISP. Instead, he simply approved the Mississippi Department of Corrections' placement of Moore. This point reinforces our holding that Moore's due process rights were satisfied by administrative proceedings within MDOC rather than judicial review by the circuit court. We rely on the language of Mississippi Code Annotated § 47-5-1003(3), which reads: "To protect and to ensure the safety of the state's citizens, any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional field officer and placed in the actual custody of the Department of Corrections. Such an offender is under the full and complete jurisdiction of the department and subject to the removal from the program by the classification hearing officer."[1]
¶ 9. Moore construes the language of the sentencing order which states that the circuit court retains jurisdiction for a period of one year pursuant to Mississippi Code Annotated § 47-7-47, and argues that he has the right to judicial review in the circuit court. However, the Mississippi Supreme Court addressed this very issue in Babbitt v. State, 755 So.2d 406 (Miss.2000). An administrative hearing held after Babbitt's incarceration found him not guilty of an alleged violation of one of the ISP rules, but the circuit court judge refused to release Babbitt, holding that he still retained jurisdiction over Babbitt's case under the terms of the order by which he sentenced Babbitt. Id. at 407. The Mississippi Supreme Court reversed, noting that the ISP statute vested full and complete jurisdiction over offenders placed in the program with the MDOC, relying on the express language of Miss.Code Ann. § 47-5-1003(3). Babbitt, 755 So.2d at 407. Moore's argument also fails because he did not file any motion with the circuit court until September 19, 2000, nearly one year outside the period in which the Lee County Circuit Court claimed exclusive jurisdiction. Finally, we note that the sentencing orders specifically state that MDOC has the authority to place Moore in any facility it deems appropriate without approval from the circuit court.
¶ 10. Post-conviction relief claims based on involuntary guilty pleas and ineffective assistance of counsel are subject to a three-year statute of limitations. Mississippi Code Annotated § 99-39-5(2) (Supp.2003) identifies the time limitations for motions to vacate guilty pleas, judgments of conviction obtained other than by plea, and erroneous sentences and states as follows:
A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme *1001 Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
¶ 11. Moore entered his pleas of guilty for possession of cocaine with intent and simple cocaine possession on October 16, 1998. Sentencing took place on November 4, 1998. Consequently, the deadline for Moore's motions for post-conviction relief could be held no later than November 4, 2001. Moore did not file his motion to vacate his sentence and plea until April 12, 2003, nearly eighteen months after his time had expired. The three-year statute of limitations relief applies absent a showing that the case falls within one of the three statutory exceptions to the time bar or implicates a denial of fundamental rights. Jones v. State, 700 So.2d 631, 632 (¶ 3) (Miss.1997). Although Moore claims that he filed a motion to vacate on May 23, 2001, he has not produced a copy of this motion. In the time between Moore's conviction and his motion for post-conviction relief, no decisions from either the Mississippi or United States Supreme Court would have altered Moore's conviction or sentence. In addition, Moore has received proper due process protections; none of his fundamental rights was denied.
¶ 12. Mississippi Code Annotated § 99-29-23(6) (Rev.2000) identifies the successive writ limitations on motions for post-conviction relief. It states: "The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." On February 5, 2001, the trial judge denied Moore's motion for Post-Conviction collateral relief that had been filed on September 19, 2000. Moore filed a second pleading, a "Motion to Vacate Sentence and Plea," which constituted Moore's second appearance in Lee County Circuit Court in the post-conviction context. This pleading was a successive writ and properly denied.
¶ 13. Moore believes that his April, 2003, plea was not successive-writ barred. He relies on Mississippi Code Annotated § 99-39-9(2) (Supp.2003), which states, "A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." Since Moore pleaded guilty to two crimes, and the court entered two separate sentencing orders, he believes that his claim is procedurally alive. However, Moore's reliance on this statute is misplaced. In both of Moore's motions for post-conviction relief, he filed his motions for post-conviction relief attacking the validity of both judgments. In other words, Moore failed to follow the statute, and his post-conviction pleas are arguably invalid for this failure. Mississippi Code Annotated Section 99-39-23(6) states that all motions for post-conviction relief shall bar any successive motions. It lists four exceptions, none of which are applicable here. Nothing in the statute indicates that *1002 a judge must deny each post-conviction relief motion with a separate order for each judgment. The circuit court judge properly dismissed Moore's April, 2003, claim as a successive writ.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.
NOTES
[1] We note that the Mississippi Legislature repealed section 47-5-1003(3) effective July 1, 2004. The statute was replaced with a similar statute, but one in which the mandatory "shall" in subsection 47-5-1003(3) is replaced with "may," thus allowing correctional field officers to use their discretion in determining whether to arrest an offender participating in MDOC's ISP program once there has been a violation of the program by the offender. The new law, however, is not applicable to this appeal. However, we further note that the new law retains the language giving "full and complete jurisdiction" of the offender to the MDOC. 2004 Miss. Laws Chapter 372.