923 So.2d 218 (2005)
Kareem Latrell BALDWIN a/k/a Trell Baldwin, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02541-COA.
Court of Appeals of Mississippi.
August 2, 2005.
Rehearing Denied November 15, 2005.
Certiorari Denied March 9, 2006.
*219 Kareem Latrell Baldwin, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. On March 26, 2001, Kareem Baldwin was indicted in the Circuit Court of Adams County on charges of aggravated assault and armed robbery. On June 25, 2001, Baldwin pled guilty to the crime of armed robbery, and aggravated assault charge was passed to the files. Baldwin was sentenced to a term of fifteen years with ten years to serve, five years suspended and post-release supervision of five years in the custody of the Mississippi Department of Correction. On January 13, 2003, Baldwin, through counsel, filed his petition for post-conviction collateral relief. On January 13, 2003, the petition for post-conviction relief was denied by the circuit court. Aggrieved by this denial, Baldwin appeals that decision asserting the following issues:
I. Whether the record in this case is sufficient for appellant review by this court?
II. Whether the appellant's guilty plea was entered voluntarily?
III. Whether the appellant was denied effective assistance of counsel?
IV. Whether the court should have recused itself from presiding/ruling *220 upon the petition for post conviction collateral relief?
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On January 1, 2001, Kareem Baldwin, his brother Carlos, and Cory Robinson participated in the robbery of the local Piggly Wiggly store in Natchez, Mississippi. Baldwin claims that he did not want to commit the robbery but only followed Carlos in the store. He stated that prior to the robbery he unsuccessfully attempted to discourage Carlos from committing the crime.
¶ 4. On the night of the crime, all three men were in the same vehicle. According to Baldwin, Cory Robinson drove the vehicle to a hotel located near a grocery store. Carlos jumped out of the car and entered the grocery store. Thereafter Baldwin followed him into the store. Carlos entered the store carrying a gun, and demanded money from Boyles, the store manager. During the robbery, Boyles sustained gun shot injuries in both legs. Because his attackers wore ski masks, Boyles was unable to determine who committed the shooting. After the robbery, Carlos and Baldwin departed the store and ran to the car parked at the nearby hotel, where Cory Robinson drove them away. Thereafter, Baldwin, Carlos and Cory were arrested and indicted for the crime.

STANDARD OF REVIEW
¶ 5. When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)). However, where questions of law are raised, the applicable standard of review is de novo. Id.

ISSUES AND ANALYSIS

ISSUE I.

SUFFICIENCY OF APPELLATE RECORD
¶ 6. Our supreme court has determined, that "the burden falls upon an appellant to ensure the record contains `sufficient evidence to support his assignments of error on appeal.'" Burney v. State, 515 So.2d 1154, 1160 (Miss.1987) (quoting Robinson v. State, 345 So.2d 1044, 1045 (Miss.1977)). Baldwin admits in his supplement to appellant's appeal brief, that the record is sufficient for appellant review. Initially, Baldwin suggested that the lower court failed to include relevant trial records. However, that information had been included, and we hold this issue to be without merit.

ISSUE II.

VOLUNTARINESS OF GUILTY PLEA
¶ 7. Baldwin contends that his entry of a guilty plea was involuntary. In order for a defendant to enter a valid plea of guilty there must be adherence to Rule 8.04 of the Uniform Circuit and County Court Rules, subsections (A)(3) and (4) which address the issues of voluntariness and the advice required to be given a defendant. They read as follows:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

*221 4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/ her if (s)he is indigent.
¶ 8. On January 13, 2003, Baldwin entered a plea of guilty. During his plea hearing, there was an inquiry by the trial judge to determine whether Baldwin's plea was a knowing and voluntary one. The court determined that Baldwin was literate, having completed high school and one-half semester of college.
¶ 9. The court inquired whether Baldwin had discussed with his attorney the consequences of his decision to enter a plea of guilty. The trial judge specifically asked Baldwin about his specific constitutional rights as a defendant, and whether he understood that a plea of guilty waived those rights. Baldwin indicated that he understood those rights and the waiver of those rights. The trial judge informed Baldwin of the possible ranges of sentences, saying "the maximum sentence would be a sentence less than life. That's the most that you could receive. The minimum sentence in this case would be three years in the Mississippi Department of Corrections. Do you understand that?" Baldwin acknowledged his participation in the robbery, and that he was entering a plea based on his participation in the robbery. Now, Baldwin contends that his plea was involuntary because his petition was to the crime of simple robbery. However, during the plea hearing, the court interlineated the petition indicating "armed" robbery and initialed the modification. The court inquired in open court whether such notation was correct, whereby the defendant's counsel affirmed that it was correct. The transcript of the plea hearing provides the following:
BY THE COURT: Let the record show that the defendant, Kareem Baldwin, is before the Court with counsel, the Honorable Leslie Martin. This defendant stands indicted on a felony charge of aggravated assault in count one and armed robbery in count two. This case is set for trial scheduled to begin tomorrow in the Circuit Court of Adams County, Mississippi. The Court has before it at this time a sworn petition of the defendant to enter a plea of guilty to armed robbery. Is that correct? This is to armed robbery?
BY MS. MARTIN: Yes, sir.
BY THE COURT: I am going to notate on the petition this is armed I am now interlineating this is in "armed" and initialing it. So this is a plea to armed robbery.
¶ 10. Baldwin offered no objection to the change to the petition. If the trial court improperly announced that it amended the charge, it was incumbent on Baldwin to raise the issue at the plea hearing. Smith v. State, 729 So.2d 1191 (¶ 87) (Miss. 1998). The failure to do so waives this issue. Id. This issue is without merit. Further the appellant's contention that the trial court erred by imposing a sentence *222 for armed robbery rather than simple robbery because he did not plead guilty to this offense is without merit.

ISSUE III.

INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 11. Baldwin claims to have received ineffective assistance of counsel because his attorney failed to advise the court of the agreement reached between the State and Baldwin's counsel. In his brief, he contends "had he been properly advised as to what his sentence might have been and not mis-led [sic] into pleading guilty, thinking that he would get a sentence of probation, he would not have entered the guilty plea that he did." However the petition to enter a guilty plea does not indicate a specific recommended sentence. Likewise, when the trial court inquired whether Baldwin had been promised any favorable treatment, he responded in the negative. This Court is entitled to place great weight on the sworn testimony of a defendant given at a plea hearing, and a defendant faces a rather high hurdle in recanting that testimony. Calvert v. State, 726 So.2d 228 (¶ 11) (Miss.Ct. App.1998).
¶ 12. To establish a claim of ineffective assistance of counsel, Baldwin must prove that under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived him of a fair trial. Jackson v. State, 815 So.2d 1196, 1200 (¶ 8) (Miss. 2002). Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed "deficient" for purposes of the Strickland standard only if it falls below "the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). There exists a rebuttable presumption as to the competency of counsel. Chase v. State, 699 So.2d 521, 526 (¶ 3) (Miss.1997).
¶ 13. During the plea hearing, the trial judge asked, "Have you been over the facts of this case with your attorney about what you're facing, what you're up against, and what the best thing for you to do in this case is?" Baldwin replied, "Yes, sir." During the plea hearing, Baldwin acknowledged that he was a participant in the armed robbery, and described the events of the robbery. Where a defendant does not question his guilt, nor does he suggest any impairment to any defense which might have been available to him, this Court has declined to hold that such defendant received ineffective assistance of counsel. Sutton v. State, 873 So.2d 120, 124 (¶ 19) (Miss.Ct.App.2004).
¶ 14. We find no merit in this issue.

ISSUE IV.

JUDICIAL RECUSAL
¶ 15. Baldwin contends that because Carl Lee Stokes, the individual who assisted in his original petition for collateral relief, had filed a civil action against Judge Forrest A. Johnson, Jr., Judge Johnson should have recused himself from the post-conviction relief action. According to the motion for recusal, Baldwin's specific reason for requesting disqualification is that Judge Johnson is familiar with the unique handwriting of Stokes, thereby revealing that Baldwin received assistance from Stokes.
¶ 16. A judge must disqualify himself from presiding over a case if, "a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Rutland v. Pridgen, 493 So.2d 952, 954 (Miss.1986). A judge is presumed to be impartial and unbiased in each case before him. In order to overcome *223 this presumption, an appellant must bring forth some "reasonable doubt" about the validity of the presumption. Turner v. State, 573 So.2d 657, 678 (Miss.1990). Baldwin must overcome the presumption of the judge's impartiality and lack of bias by (1) showing that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality; and (2) presenting some facts, which raise some reasonable doubt about the validity of the presumption of impartiality. See Rutland, 493 So.2d at 954; Turner, 573 So.2d at 678.
¶ 17. Baldwin's has failed to provide any evidence that would give credence to his claim of bias. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.