915 So.2d 1073 (2005)
Jamie CHRISTIE, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00065-COA.
Court of Appeals of Mississippi.
November 15, 2005.
*1074 Jamie Christie, Jr., appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
EN BANC.
BRIDGES, J., for the Court.
¶ 1. On May 25, 2004, Jamie Christie, Jr. pled guilty to two counts of burglary in the Circuit Court of Marion County. On November 16, 2004 Christie filed a motion for postconviction relief challenging his guilty plea which the circuit court denied. He now appeals on three points: (1) that the trial court erred in failing to honor an oral plea agreement, (2) ineffective assistance of counsel during the plea bargain, and (3) that the trial judge should have recused himself.

STATEMENT OF THE FACTS
¶ 2. Jamie Christie plead guilty to two counts of burglary on May 25, 2004. At the time he had seven cases pending against him. The district attorney agreed to nol pros five of the charges in exchange for Christie's guilty plea. The circuit court accepted Christie's plea and sentenced him to serve ten-years on the first count with a consecutive twenty-years sentence to serve with ten years suspended.
¶ 3. At Christie's plea hearing, Judge R.I. Prichard, III asked Christie if "anybody told you if you will plead guilty you are going to receive a particular kind of sentence, length of sentence or anything like that?" Christie responded, "No, Sir." Now Christie argues in his post-conviction appeal that he had a oral agreement with the district attorney's office that he would only serve a ten-year sentence.

ANALYSIS
¶ 4. "In reviewing the trial court's denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous." Mathis v. State, 882 So.2d 798, 800(¶ 6) (Miss.Ct.App.2004).

I.
¶ 5. "The prosecuting attorney, defendant's counsel, or the defendant acting pro se, may engage in such discussion with a view toward reaching an agreement that upon entering a plea of guilty to the offense charged or to a lesser or related offense, the attorney for the state may do any of the following: (1) Move for a dismissal of other charges; and (2) Make a recommendation to the trial court for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Martin v. State 635 So.2d 1352 (Miss.1994) (emphasis added).
*1075 ¶ 6. Christie argues that he detrimentally relied upon the oral agreement with the district attorney when agreeing to plea guilty. The Mississippi Supreme Court will require specific performance where someone detrimentally relied on an sentence when deciding to plea guilty. Moody v. State, 716 So.2d 592 (Miss.1998). However, to detrimentally rely on the prosecutor the defendant must agree to perform an additional servitude to the government. This can take many forms such as acting as a confidential informant, agreeing to testify against others, pleading in return for charges dropped in another court, or resigning from a position with a promise of immunity. See Evans v. State 899 So.2d 890, 894-5 (¶ 15-17) (Miss.Ct. App.2004).
¶ 7. Christie did not argue that he promised any additional servitude to the prosecution that he detrimentally relied upon. At his plea hearing the judge noted an agreement to drop five of the charges against Christie if he agreed to plea. However, the record does not mention any agreement to only sentence Christie to ten-years in prison. Regardless, the circuit court had the discretion to reject any suggestion in sentencing that the prosecution presented. Thus, the trial court did not clearly err in denying Christie's request for specific performance.

II.
¶ 8. Christie claims he received ineffective assistance of counsel because his attorney failed to have the circuit court impose an agreement that he entered into with the district attorney. He also contends that the judge knew of this oral agreement and refused to follow it. Christie infers from Judge Prichard's statements that the prosecution presented a sentence recommendation that he rejected. However, Christie stated at the plea hearing; that no one promised him any specific sentence if he agreed to plead guilty. "This Court is entitled to place great weight on the sworn testimony of a defendant given at a plea hearing, and a defendant faces a rather high hurdle in recanting that testimony." Baldwin v. State, 2003-CP-02541-COA, ___ So.2d ___ (¶ 11), 2005 WL 1805180 (Miss.Ct. App. Aug. 2, 2005), (citing Calvert v. State 726 So.2d 228 (Miss.Ct.App.1998)).
¶ 9. "To establish a claim of ineffective assistance of counsel, Baldwin must prove that under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived him of a fair trial." Baldwin at (¶ 12), (citing Jackson v. State 815 So.2d 1196, 1200(¶ 8) (Miss.2002)). "Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed `deficient' for purposes of the Strickland standard only if it falls below `the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
¶ 10. Judge Prichard asked Christie during his plea hearing if his attorney discussed the case with him "throughly and completely," and Christie responded that he had. He also asked Christie, "Are you completely satisfied with her services as your attorney?" To which he replied that he was. Christie also does not contend that his attorney failed to show his innocence or any violations in his prosecution. "Where a defendant does not question his guilt, nor does he suggest any impairment to any defense which might have been available to him, this Court has declined to hold that such defendant received ineffective assistance of counsel." Baldwin at (¶ 13) (citing Sutton v. State, 873 So.2d 120, 124 (¶ 19) (Miss.Ct.App. 2004)). Accordingly, Christie did not receive ineffective assistance of counsel.

*1076 III.
¶ 11. Christie argues that the circuit court abused its discretion when it overruled his motion for recusal. He alleges that the judge had a conflict of interest in the case since he opposed plea bargaining and the prosecution presented a sentence recommendation. "This Court reviews a trial court judge's refusal to recuse themselves under the manifest error standard of review." State v. Culp, 823 So.2d 510, 514 (¶ 11) (Miss.2002) The proper standard is that recusal is required when the evidence produces a reasonable doubt as to the judge's impartiality. Dodson v. Singing River Hospital System, 839 So.2d 530, 533 (¶ 13) (Miss.2003).
¶ 12. Judge Prichard refrained from becoming involved with the plea negotiations and in fact stated that, "That [plea bargaining] doesn't happen in our district. In other words, their authority ends once they nol pros or reduce the charge or whatever they are going to do. But if you enter a plea of guilty then I have to make a determination about what the sentence is." Here the trial court did nothing more than accept Christie's plea and give the appropriate sentence. Since he did not get involved there was no reason for him to recuse himself. Evans v. State, 899 So.2d 890, 895 (¶ 18) (Miss.Ct.App.2004).
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., LEE AND MYERS, P.JJ, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.