MYERS, P.J.,
for the Court.
¶ 1. Jamie Christie, Jr. seeks review of the trial court’s dismissal of his motion for post-conviction relief as being barred as a successive writ. Christie also seeks a determination of whether sanctions were properly imposed against his attorney. We affirm the trial court’s dismissal of the post-conviction relief. However, we reverse and render the imposition of sanctions, finding an abuse of discretion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 24, 2004, Christie pleaded guilty to two separate counts of burglary in the Circuit Court of Marion County in Cause Nos. K03-0055P and K03-0056P, respectively. The trial court accepted his guilty plea and sentenced him to serve ten years in the custody of the Mississippi Department of Corrections in Cause No. K03-0055P. Christie was also sentenced at the same plea hearing in Cause No. K03-0056P to serve twenty years, the term of which was to run consecutive to the ten year sentence imposed in Cause No. K03-0055P. The trial court then suspended ten years of the sentence in Cause No. K03-0056P to be served under the provisions of Mississippi Code Annotated *83 sections 47-5-138 (Rev.2004) and 47-7-34 (Rev.2004).
¶ 3. On November 16, 2004, Christie filed his first motion for post-conviction relief, attacking the validity of the guilty plea previously entered. Christie claimed the trial court did not honor his original plea deal. Christie also argued that his counsel was ineffective for failing to enforce a purported oral plea deal, which allegedly limited his sentence to a maximum of ten years.
¶ 4. The trial court denied Christie’s first motion for post-conviction relief on December 16, 2004, making several findings relevant to the instant case. Initially, the trial court found that Christie had asked for post-conviction relief in both Cause Nos. K03-0055P and K03-0056P in the same pleading instead of two separate pleadings. The trial court allowed this error by Christie and agreed to hear both post-conviction relief motions since one plea hearing originally disposed of both cases. The trial court ultimately dismissed Christie’s motion for post-conviction relief, and this Court affirmed the trial court’s denial of post-conviction relief on November 15, 2005. Christie v. State, 915 So.2d 1073 (Miss.Ct.App.2005).
¶ 5. On December 29, 2006, Christie filed his second motion for post-conviction relief, only requesting relief from his conviction in Cause No. K03-0056P. The trial court dismissed the motion as being barred as a successive writ. It is from this ruling that Christie now appeals.
STANDARD OF REVIEW
¶ 6. We are to review a dismissal of post-conviction relief for an abuse of discretion. Willis v. State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005). “The findings of the trial court must be clearly erroneous in order to overturn a lower court’s dismissal of a post-conviction relief motion.” Id. Additionally, an appellate court will only overturn a “trial court’s imposition of sanctions for abuse of discretion.” Wyssbrod v. Wittjen, 798 So.2d 352, 357(¶ 17) (Miss.2001).
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN DISMISSING CHRISTIE’S MOTION FOR POST-CONVICTION RELIEF AS BEING BARRED AS A SUCCESSIVE WRIT.
¶ 7. Christie asks on appeal for reversal of the trial court’s dismissal of his post-conviction relief motion pertaining to Cause No. K03-0056P and to compel the trial court to hear his post-conviction relief motion. Christie first sought post-conviction relief from the trial court on November 16, 2004. Christie argued in his first post-conviction relief motion that it was error for the trial court to ignore the oral plea agreement and for the trial judge not to have recused himself. Christie also contended that he received ineffective assistance of counsel.
¶ 8. Mississippi Code Annotated section 99-39-23(6) (Rev.2007) provides in part that “any order dismissing the prisoner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed.” “It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6). Additionally, this Court acknowledges that Mississippi Code Annotated section 99-39-9(2) (Rev.2007) requires a petitioner to file a separate motion for each conviction on which relief is requested.
¶ 9. The trial court noted in its first post-conviction relief order that Christie had improperly asked for post-conviction relief regarding two separate counts of *84 robbery in one motion instead of two. However, the trial court allowed both requests in one motion since both counts were heard in one plea hearing. The trial court ultimately dismissed Christie’s motion for post-conviction relief. This Court affirmed the trial court’s denial of relief from the conviction. Christie, 915 So.2d 1073.
¶ 10. On December 29, 2006, Christie filed a second post-conviction motion for relief. Christie claimed his motion was not procedurally barred since his first post-conviction motion addressed only his burglary conviction in Cause No. K03-0055P. In this appeal, Christie asks whether his petition for post-conviction relief was properly dismissed by the trial court as being barred as a successive writ.
¶ 11. The State argues that the trial court was correct in dismissing Christie’s motion as successive. The State relies, in part, on Moore v. State, 897 So.2d 997 (Miss.Ct.App.2004). In Moore, the appellant pleaded guilty on October 16, 1998, to the sale and transfer of cocaine, and he also entered a separate guilty plea involving a simple possession of cocaine charge. Id. at 999(¶ 2). Moore filed his first post-conviction motion on September 19, 2000, which was denied. Id. at 999(¶ 5). The first post-conviction relief motion “attack[ed] the validity of both judgments [in one motion].” Id. at 1001(¶ 13). Moore subsequently filed a second post-conviction relief motion on April 12, 2003, attacking the same two judgments he had previously addressed in his first post-conviction relief motion. Id. at 999(¶ 6). The trial court dismissed Moore’s petition as being barred as a successive writ, this Court affirmed. Id. at 999, 1002 (¶ 6, ¶ 13). In Moore, the appellant argued that since Mississippi Code Annotated section 99-39-9(2) (Supp. 2003) required a petitioner to seek relief from only one judgment per post-conviction relief motion, his April 2003 motion was not barred. Id. at 1001(¶ 13). However, this Court disagreed, finding that “Moore failed to follow the statute, and his post-conviction pleas are arguably invalid for this failure.” Id. This Court ultimately found the motion was barred as a successive writ because “[n]othing in the statute indicates that a judge must deny each post-conviction relief motion with a separate order for each judgment.” Id. 1001-02 (¶ 13). Here, as in Moore, Christie failed to follow the proper procedures in filing his post-conviction relief motion. Christie incorrectly appealed both his convictions in one motion instead of two separate motions. The trial court noted this failure to follow procedure, but it agreed to hear both appeals rather than requiring two separate motions. As in Moore, Christie now attacks the same two judgments he had previously addressed in his first post-conviction relief motion. Christie argues he was only appealing his conviction in Cause No. K03-0055P in his first post-conviction relief motion filed on November 16, 2004. Christie argues that his second post-conviction relief motion only applies to his conviction in Cause No. K03-0056P.
¶ 12. We find merit with the State’s argument that this appeal is barred as a successive writ since Christie has already attacked the validity of these two convictions in a previous post-conviction relief motion. Accordingly, we affirm the trial court’s dismissal of Christie’s petition for post-conviction relief as barred as a successive writ.
II. WHETHER THE TRIAL COURT ERRED IN IMPOSING SANCTIONS AGAINST CHRISTIE’S ATTORNEY.
¶ 13. Christie also seeks review of the trial court’s imposition of sanctions against his attorney in the amount of $250. *85 As noted earlier, an appellate court -will only overturn a “trial court’s imposition of sanctions for abuse of discretion.” Wyssbrod, 798 So.2d at 357(¶ 17) citing Kinard v. Morgan, 679 So.2d 623, 625 (Miss.1996). “[A] claim is frivolous ‘only when, objectively speaking, the pleader or movant has no hope of success.’ ” Wilson v. Greyhound Bus Lines, 830 So.2d 1151, 1159(¶ 21) (Miss.2002) (quoting Stevens v. Lake, 615 So.2d 1177, 1184 (Miss.1993)). “Though a case may be weak or ‘light-headed,’ that is not sufficient to label it frivolous.” Wilson, 830 So.2d at 1159(¶ 21) (quoting Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 195 (Miss.1995)). Therefore, “sanctions are not justified if the plaintiff had some hope of success when the claim was filed.” Choctaw, Inc. v. CampbelL-Cheny-Harrison-Davis & Dove, 965 So.2d 1041, 1045(¶7) (Miss.2007) (citing Bean v. Broussard, 587 So.2d 908, 912 (Miss.1991)).
¶ 14. In this case, we find that while counsel for Christie makes a good faith argument in support of his position, this Court agrees with the State’s contention that the motion was barred as a successive writ. The attorney for Christie had a reasonable argument that the motion was not successive because the argument itself was not devoid of merit. As this Court has stated in the past, “[ajlthough we do not agree with [the appellant’s] argument ..., we cannot say that he had no hope for success in filing his appeal; therefore, we decline to sanction [the appellant].” Asanov v. Hunt, 914 So.2d 769, 774(¶26) (Miss.Ct.App.2005). As the Mississippi Supreme Court stated in Nichols v. Munn, 565 So.2d 1132, 1137 (Miss.1990), “[t]his was certainly a weak case, but hardly so devoid of any claim ... as to be frivolous.” This Court finds that Christie’s attorney put forth a reasonable argument. Therefore, we find that the trial court abused its discretion in imposing monetary sanctions against Christie’s counsel. Accordingly, we reverse and render as to the trial court’s imposition of sanctions in the amount of $250 against Christie’s attorney.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS AFFIRMED IN PART AS TO DISMISSAL OF MOTION FOR POST-CONVICTION RELIEF AND REVERSED AND RENDERED IN PART AS TO IMPOSITION OF MONETARY SANCTIONS AGAINST COUNSEL. ALL COSTS OF THIS APPEAL ARE TO BE ASSESSED EQUALLY BETWEEN THE PARTIES.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.