MAXWELL, J.,
for the Court:
¶ 1. Sherrill Culpepper argues the trial judge wrongly denied her post-conviction challenge to her guilty plea for abusing a vulnerable adult. She suggests that based on her lawyer’s alleged failure to relay to her an earlier more favorable plea offer, the judge should have found her attorney’s representation was constitutionally ineffective. Culpepper is correct that as a general rule, criminal defense attorneys must communicate formal plea offers from the State to their clients when the offers’ terms and conditions may be favorable to the accused.[1] But the failure to do so only gives rise to a valid ineffective-assistance-of-counsel claim if the defendant proves both (1) her attorney failed to communicate the more favorable offer to her, and (2) the defendant was prejudiced by the attorney’s inaction.
¶ 2. While Culpepper and her husband denied being advised of the more favorable plea recommendation, Culpepper’s defense attorney attested he did indeed notify her of the plea offer, but she rejected it. After review, we cannot say the trial judge clearly erred in resolving the conflicting evidence against Culpepper. So we find no error in the judge deciding Culpepper failed to prove that, more likely than not, her attorney was deficient.
¶ 3. Furthermore, even if Culpepper had met her initial Strickland[2] burden, she did not demonstrate a reasonable probability that the State would not have later withdrawn the offer or the court would have accepted the plea recommendation’s terms. Thus, we also find the accompanying prejudice prong was unmet. We affirm.
Facts and Procedural History
¶ 4. On September 27, 2009, a grand jury charged Culpepper — a nurse — with willfully inflicting physical pain or injury upon a vulnerable adult[3] by burning the victim, whom she had been hired to care for, with a hot hair flatiron. Culpepper hired Attorney Steven Wallace to defend her.
¶ 5. On April 1, 2011, Wallace received a letter from Assistant Attorney General Pat McNamara, describing a plea offer. The offer called for Culpepper to plead guilty to abusing a vulnerable adult and recommended a ten-year sentence — with one year to serve and nine years suspended, followed by three years of supervised probation. McNamara wrote that if there was no response by April 11, 2011, he would assume trial was imminent. It is undisputed Culpepper never accepted the plea recommendation. But there is a factual dispute over whether Wallace conveyed the offer to Culpepper.
*389 ¶ 6. The next pertinent record action was Culpepper’s August 10, 2011 motion to suppress her videotaped statement to investigators. Wallace argued Miranda[4] violations and government coercion rendered inadmissible Culpepper’s April 27, 2009 statement, in which she had confessed to burning the victim. After a hearing, the circuit court denied the motion and found Culpepper’s videotaped confession would be admissible at trial.
¶ 7. On February 14, 2012, Culpepper filed a petition to enter a guilty plea to abusing a vulnerable adult. There was no recommended sentence. At the plea hearing, Culpepper admitted burning the victim, and the State in its factual basis cited her recorded confession. Culpepper also acknowledged, under oath, she was satisfied with her attorney’s service. The circuit judge accepted Culpepper’s guilty plea and on a later date sentenced her to ten years in the custody of the Mississippi Department of Corrections (MDOC), five years of post-release supervision, and a fine of $5,000.
¶ 8. Once designated to a correctional facility, Culpepper filed a motion for post-conviction relief (PCR) alleging ineffective assistance of counsel. She claimed Wallace had not communicated to her the earlier, more favorable plea offer and that she only learned of it when her husband obtained her file from Wallace, after she had already pled guilty. The circuit judge held an evidentiary hearing on Culpepper’s PCR motion, during which the prosecutor, Culpepper, and her husband testified. An affidavit from Culpepper’s trial attorney, Wallace, contradicting Culpepper’s claim and describing his communication of the earlier plea offer to her, was also admitted during the hearing.
¶ 9. After considering the conflicting evidence, the circuit court found Culpepper failed to prove her attorney had not communicated the initial plea recommendation to her. Because she failed to meet Strickland’s first prong — deficient performance by her attorney — the judge denied her PCR claim. Culpepper now appeals.
Discussion
¶ 10. When reviewing the denial or dismissal of a PCR motion, we will only disturb a circuit judge’s factual findings if they are clearly erroneous. Beal v. State, 58 So.3d 709, 710 (¶2) (Miss.Ct.App.2011) (citing Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009)). We review the circuit court’s legal conclusions de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
I. Ineffective Assistance of Counsel
¶ 11. Ineffective-assistance claims are generally assessed using the familiar Strickland standard. Under Strickland, to prove her attorney was ineffective, Cul-pepper had to show: (1) her lawyer’s performance was deficient, and (2) this deficiency prejudiced her. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. As always, the burden is on the PCR petitioner to prove both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 12. While Strickland remains the backdrop against which ineffective-assistance-of-counsel claims are measured, the Supreme Court recently established a more specific framework for assessing deficiency and prejudice where a lawyer has allegedly failed to communicate a favorable plea offer, resulting in prejudice to the defendant. In Frye, the Supreme Court held that “as a general rule, defense coun *390 sel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.” Frye, 132 S.Ct. at 1408. If a lawyer fails to communicate such an offer, and it lapses, the attorney’s performance is deemed deficient. Id. at 1409. The question then becomes what prejudice, if any, resulted under the second prong of Strickland. Id. And this analysis depends on the specifics of the purported prejudice resulting from the failure to communicate the plea offer.
A. First Prong — Deficient Performance
¶ 13. In Frye, it was undisputed the defense attorney failed to communicate a formal plea offer to the defendant before it lapsed. Id. This uncontested misstep rendered the attorney’s performance deficient under the first prong of Strickland. Id. But here, unlike Frye, there is a sharp factual dispute over communication of the plea offer.
¶ 14. During the evidentiary hearing, the prosecutor, McNamara, testified he communicated the plea offer to Wallace, including its April 11, 2011 termination date. And while the Culpeppers denied knowledge of the plea recommendation, the State offered Wallace’s affidavit in which he attested communicating the offer to the Culpeppers in early April 2011.
¶ 15. Wallace specifically recalled advising the Culpeppers that the offer seemed reasonable but would result in Culpepper becoming a felon and losing her nursing license. And according to Wallace, Cul-pepper’s husband was adamant her recorded statement would be suppressed, so they would not consider the offer. Wallace remembered advising the couple the offer would likely be withdrawn if they moved to suppress her confession. But he felt there was a decent chance the judge would grant the motion, which could possibly better position Wallace to negotiate a probationary sentence. So he moved to suppress the statement. According to Wallace, when the motion was later denied, and Culpepper’s confession ruled admissible, he counseled Culpepper that a guilty plea was in her best interests. But at that point, Wallace maintained the only option was an open plea, which Culpepper agreed to and ultimately entered.
¶ 16. While Culpepper takes issue with Wallace’s affidavit, claiming inconsistencies not only within the document but between it and other evidence, we refrain from reweighing or making witnesses-credibility assessments, since credibility determinations are within the sole province of trial judges — not appellate judges. Johns v. State, 926 So.2d 188, 194 (¶29) (Miss.2006) (“[T]he trial judge ... as the trier of fact, has sole authority for determining credibility of the witnesses.”). And giving an affidavit credence over in-court testimony was also the trial judge’s prerogative.
¶ 17. Affidavits are statutorily approved for use in PCR hearings. See Miss.Code Ann. § 99-39-23(4) (Supp.2013). And here, the trial judge, as permitted, chose to admit and place emphasis on Wallace’s affidavit. Had Culpepper desired Wallace’s live testimony, she certainly had a right to subpoena him to the evidentiary hearing. See Miss.Code Ann. § 99-39-23(3) (Supp.2013) (establishing right to subpoena witnesses and compel their attendance at PCR hearings). Yet when given an opportunity to call and question Wallace as a witness, Culpepper’s PCR attorney told the court he had “no desire to do so.”
¶ 18. After review, we find no error in the trial judge resolving the conflicting evidence against Culpepper and determining that she failed to meet her burden of proving Wallace did not communicate the *391 plea offer to her. We thus find no error in the trial judge deciding Wallace’s representation was not deficient.
B. Second Prong — Resulting Prejudice
¶ 19. Because Culpepper’s failure to prove deficient performance was fatal to her ineffective-assistance claim, the trial judge did not address the prejudice prong. Still, we find, even if Culpepper had proved deficient performance, she failed to demonstrate resulting prejudice. So her claim is snagged on this second necessary prong as well.
¶ 20. In cases like Culpepper’s,
where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused [her] to miss out on a more favorable earlier plea offer, Strickland’s inquiry into whether “the result of the proceeding would have been different,” requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether [she] would have accepted the offer to plead pursuant to the terms earlier proposed.
Frye, 132 S.Ct. at 1410 (internal citation omitted) (quoting Strickland, 466 U.S. at 694,104 S.Ct. 2052).
¶ 21. In the context of uncommu-nicated plea offers, to fully demonstrate a showing of Strickland prejudice:
[Defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented.

Id.

¶ 22. “This further showing is of particular importance because a defendant has no right to be offered a plea, see [Weatherford v. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) ], nor a federal right that the judge accept it, Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).” Frye, 132 S.Ct. at 1410 (citations omitted). As to the prejudice prong, the Frye Court emphasized that in some states, “the prosecution has some discretion to cancel a plea agreement to which the defendant has agreed[.]” Id. (citations omitted). And the Court noted federal rules, some state rules, “and [the Supreme Court’s] precedents give trial courts some leeway to accept or reject plea agreements.” Id. (citing Fed.R.Crim.P. 11(c)(3); Mo. Sup.Ct. R. 24.02(d)(4); Boykin v. Alabama, 395 U.S. 238, 243-244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). We look to Mississippi law regarding plea withdrawal and acceptance to answer the prejudice issue.
¶ 23. With respect to this case’s differing facts and our particular state law, it is important to note the earlier plea offer here was merely a recommendation. And in Mississippi, a prosecutor may revoke a plea proposal, absent detrimental reliance by the defendant — a factor admittedly not at issue here. Allen v. State, 465 So.2d 1088, 1089-91 (Miss.1985). Also, a Mississippi prosecutor’s plea or sentencing recommendation “will not be binding upon the court.” URCCC 8.04(B)(2)(b). This is because decisions to accept or reject a proposed plea agreement are solely within the trial judge’s discretion. Wade v. State, 802 So.2d 1023, 1028 (¶22) (Miss.2001) (citing Miss.Code Ann. § 99-15-53 (Rev.2000); Moody v. State, 716 So.2d 592, 594 (¶ 9) (Miss.1998); Martin v. State, 635 So.2d *392 1352,1355-56 (Miss.1994)). So under Mississippi law, criminal defendants, like Cul-pepper, have “no absolute right” to have their guilty pleas accepted by a trial judge. Moody, 716 So.2d at 594 (¶ 9).
¶ 24. Our review shows Culpepper claimed that if she had known of the earlier one-year-to-serve offer, she would have accepted it. But she made absolutely no showing of a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. Frye, 132 S.Ct. at 1410-11. To the contrary, we are somewhat skeptical the initial agreement would have ultimately been accepted and entered.
¶ 25. At the evidentiary hearing, the prosecutor testified that before Culpepper pled guilty, he had learned of additional claims of abuse by her. He insisted he would not have made the plea offer had he known of these allegations. After discovering these other reports, as he put it, “there was no way on earth” he would have extended another favorable plea offer.
¶ 26. The judge’s findings also cast doubt on whether he would have approved the proposed one-year-sentencing recommendation. At sentencing, the judge mentioned he had been troubled determining a proper sentence. Though he thought Culpepper had acted out of character, he emphasized the necessity of protecting vulnerable victims and noted this was an “intentional act of violence” against a person incapable of protecting herself. So he felt she “should be sentenced to a long term, or at least a substantial term,” of imprisonment. The judge reemphasized these notions at the PCR hearing.
¶ 27. After review, we find it is fair to say questions linger over whether the recommendation would have been withdrawn by the State or rejected by the trial judge had it not lapsed. But these questions need not be resolved since Culpepper made no showing of a reasonable probability the proposed agreement would not have been withdrawn or rejected. Thus, she also failed to prove resulting prejudice under Frye.
II. Request for Nonadjudication and Knowledge of Potential Jail Time
¶28. Culpepper finally suggests Wallace was also ineffective because he sought nonadjudication and never discussed the possibility of jail time. But the mere fact Wallace requested nonadjudication, which was not available due to the violent nature of the charged crime, does not render his representation deficient. This was just one step in his handling of Culpepper’s case. And evaluating deficiency and prejudice in ineffective-assistance-of-counsel claims requires review of the “totality of the circumstances.” Strickland, 466 U.S. at 668,104 S.Ct. 2052.
¶ 29. Nor are we swayed that Culpep-per was unaware she faced jail time. Her plea petition listed the minimum and maximum sentences for abuse of a vulnerable adult-up to twenty years’ imprisonment. And Culpepper agreed in open court that Wallace had walked her through the plea petition, explaining it to her. Also, before entering her guilty plea, the judge informed her she faced up to twenty years in jail, which she maintained she understood. Thus, the record contradicts her ineffective-assistance claim on this ground as well.
¶ 30. Essentially, the PCR judge sized up Wallace’s decision to seek suppression of Culpepper’s statement in hopes of negotiating a probationary sentence as a tactical decision — not constitutionally deficient representation. When judges review an attorney’s strategy, it is with the under *393 standing that defendants are entitled to competent counsel, not “perfect counsel.” Lattimore v. State, 958 So.2d 192, 202 (¶ 31) (Miss.2007). That a trial strategy, such as requesting nonadjudication or seeking a probationary sentence, is unsuccessful does not necessarily mean the attorney’s assistance was deficient. For this reason, judicial scrutiny over trial tactics is highly deferential. Mohr v. State, 584 So.2d 426, 430 (Miss.1991). With this deference mind, we find no error in the judge’s dismissal of Culpepper’s PCR claim.
¶ 31. We therefore affirm.
¶ 32. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Missouri v. Frye, - U.S. -, -, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012).

. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

.See Miss.Code Ann. § 43-47-5(n) (Rev. 2009) (defining vulnerable adult).

. See Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (establishing that suspect must be informed of her federal constitutional right to remain silent and right to presence of counsel before custodial interrogation).