# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CT-00165-SCT

*NATHANIEL WALDEN a/k/a NATHANIEL
"DUDE" WALDEN*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT: 02/18/2014
TRIAL JUDGE: HON. JANNIE M. LEWIS
COURT FROM WHICH APPEALED: HOLMES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: NATHANIEL WALDEN (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LADONNA C. HOLLAND
NATURE OF THE CASE: POST-CONVICTION RELIEF
DISPOSITION: REVERSED AND REMANDED - 09/29/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    This Court granted the petitioner leave to proceed in the circuit court with a petition for post-conviction relief claiming ineffective assistance of counsel during the plea bargaining process. The circuit judge summarily dismissed the petition, erroneously concluding that the petitioner had not timely filed or obtained leave from this Court. In the alternative, the circuit judge dismissed the petition because it relied on the petitioner's own affidavit, but the circuit judge failed to consider that the petitioner claimed good cause for

failure to obtain other affidavits. So, we reverse the summary dismissal and remand this case to the circuit court for further consideration.

**FACTS AND PROCEDURAL HISTORY**

¶2.     In October 2006, a Holmes County jury convicted Nathaniel Walden for murder and shooting into an occupied dwelling. On appeal, the Mississippi Court of Appeals affirmed his convictions, and the mandate issued March 25, 2010.

¶3.     On January 14, 2013, Walden filed an application for leave to proceed in the trial court with a petition for post-conviction relief. The petition claimed that Walden had received constitutionally ineffective representation when his attorney had advised him to reject a manslaughter plea without any viable defense to the murder charge. By his own admission, Walden armed himself for a confrontation and intended to kill his brother. So, he argued, he had no defense for accidentally shooting his sister-in-law when he admittedly fired the shot intending to kill his brother.

¶4.     On June 20, 2013, a panel of this Court granted Walden leave to proceed in the trial court with this claim. Walden filed his petition for post-conviction relief in the Circuit Court of Holmes County on July 12, 2013, and, on July 30, 2013, the circuit judge summarily dismissed the petition. The circuit judge's order cited several reasons for summary dismissal.

¶5.     First, the circuit judge found the petition procedurally barred for two reasons: (1) Walden failed to seek leave from this Court to proceed and (2) the petition was time-barred. Second, the circuit judge found that Walden could not prove prejudice because the evidence

2

at trial supported his conviction for murder. Third, the circuit judge found the petition should be dismissed because it was supported only by Walden's own affidavit.

¶6.	Walden appealed, and this case was assigned to the Court of Appeals. The Court of Appeals concluded that the circuit judge had erred by finding that Walden's petition was procedurally barred.[1] Walden had obtained leave from this Court to proceed and filed his application for leave to proceed before the three-year statute of limitations expired.[2] But the Court of Appeals concluded that the circuit judge had not erred by dismissing Walden's petition for lack of merit.[3] According to the Court of Appeals, "[b]ecause Walden fails to present any evidence that he was offered a plea deal for manslaughter, he has no grounds to support his claim of ineffective assistance of counsel."[4]

¶7.	Walden then petitioned this Court for writ of certiorari, which we granted.

**ANALYSIS**

¶8.	We review a circuit judge's summary dismissal of a petition for post-conviction relief to determine "whether the application presents 'a claim procedurally alive "substantially showing denial of a state or federal right."' If so, the petitioner is entitled to an in-court

---

[1] ***Walden v. State***, No. 2014-CP-00165-COA, 2016 WL 211613, **2–3 (Miss. Ct. App. Jan. 19, 2016).

[2] ***Id.***

[3] ***Id.*** at *3.

[4] ***Id.***

3

opportunity to prove his claims."[5] We have described this procedural posture as "analogous to that when a defendant in a civil action moves to dismiss for failure to state a claim."[6]

¶9. We need not belabor the point, accurately addressed by the Court of Appeals, that the circuit judge erred by finding that Walden had failed to seek leave and had filed outside the three-year statute of limitations. This Court did grant him leave to proceed and he filed that application with this Court within three years from the issuance of the mandate in his direct appeal. So, the circuit judge erred by finding that this claim was not "procedurally alive," and we must consider whether Walden's claim should have survived summary dismissal on the merits.

¶10. The circuit judge found that Walden's claim failed on the merits for two reasons. First, the circuit judge found that Walden could not prove prejudice because the evidence at trial supported his conviction for murder. This conclusion was error.

¶11. Walden claims his attorney provided ineffective representation by advising Walden to reject a plea for manslaughter. In *Lafler v. Cooper*, the United States Supreme Court addressed a similar claim.[7] There, the Supreme Court explained that when a defendant claims his counsel provided ineffective assistance by advising the defendant to reject a plea

---

[5] *Horton v. State*, 584 So. 2d 764, 767 (Miss. 1991) (quoting *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987)).

[6] *Horton*, 584 So. 2d at 767 (citing Miss. R. Civ. P. 12(b)(6); *Billiot v. State*, 515 So. 2d 1234, 1236 (Miss. 1987)).

[7] *Lafler v. Cooper*, ___ U.S. ___ , 132 S. Ct. 1376, 1383, 182 L. Ed. 2d 398 (2012).

offer, prejudice is established by showing that "the outcome of the plea process would have been different with competent advice."[8] So the circuit judge erred by focusing her prejudice analysis on the evidence of guilt at trial.

¶12.    Further, the circuit judge found that Walden's petition failed because it was supported only by his own affidavit. On this basis, the Court of Appeals affirmed, stating that "Walden fails to present any evidence that he was offered a plea deal for manslaughter."[9]

¶13.    "The test to be applied in cases involving alleged ineffectiveness of counsel is whether counsel's over-all performance was (1) deficient and if so, (2) whether the deficient performance prejudiced the defense."[10] "This state recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance."[11] To survive summary dismissal of a claim of ineffective assistance of counsel, a post-conviction petitioner alleged specific facts giving rise to both deficient performance and prejudice.[12]

---

[8] *Id.* at 1384 (citing *Missouri v. Frye*, ___ U.S. ___ , 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012)).

[9] *Walden*, 2016 WL 211613, at *3.

[10] *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[11] *McQuarter*, 574 So. 2d at 687 (citing *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985)).

[12] *Ford v. State*, 708 So. 2d 73, 75 (Miss. 1998) (quoting *Smith v. State*, 434 So. 2d 212, 219 (Miss.1983)).

¶14. In *Vielee v. State*, this Court stated that "[t]his Court has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit."[13] *Vielee* relied on *Brooks v. State* and *Smith v. State*, both of which held that a petitioner who relied on his own affidavit to establish ineffective assistance of counsel failed to satisfy the pleading requirements of Mississippi Code Section 99-39-9(1)(e).[14] That statute provides:

> (1) A motion under this article shall name the State of Mississippi as respondent and shall contain all of the following:
>
> . . .
>
> > (e) A specific statement of the facts which are not within the petitioner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. *The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained.* This showing shall state what the petitioner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.[15]

---

[13] *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995) (citing *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss. 1990); *Smith v. State*, 490 So. 2d 860 (Miss. 1986)).

[14] *Brooks*, 573 So. 2d at 1354 (quoting *Smith*, 490 So. 2d at 860).

[15] Miss. Code Ann. § 99-39-9(1)(e) (Rev. 2015) (emphasis added).

6

So the petitioner's obligation to support his application with affidavits other than his own is not absolute. That obligation may be excused by a showing that the petitioner has good cause for failing to obtain those affidavits.

¶15.    Here, both the circuit judge and the Court of Appeals erred by failing to consider whether Walden sufficiently established good cause for failing to obtain other affidavits. In his petition, Walden explains that:

> The trial attorney was Jimmy D. Hull, formerly of Hull Law Firm, Inc. 308 North Jackson Street, Kosciusko, MS 39090, PO Box 1107, Kosciusko, MS 39090. Phone number (662) 290-8646. He could explain the specifics of the plea and why he advised Walden that he could be found guilty of murder, because the state could not prove that he shot Mary intentionally. Also it must be noted that Hull may be in federal prison for a drug related offense. By any account Walden does not know how to contact him to aquire an affidavit.

> The prosecuting attorney's [sic] were then District Attorney James H. Powell III and Assistant District Attorney Steve Waldrup. These men could affirm the manslaughter plea offer and its specifics. Walden has written Powell at his private office in Durant, in an attempt to retrieve the specifics of the plea. (Attached to this motion is a copy of the letter that Walden mailed to Powell).

Because, through his own sworn assertions, Walden specifically pleaded his counsel's alleged ineffective assistance, and because he asserted potential good cause for his failure to provide additional affidavits—which the circuit judge failed to consider—we must reverse the circuit judge's decision to dismiss this petition summarily so that the circuit judge may consider whether Walden has shown good cause for failure to obtain other affidavits or evidence.

**CONCLUSION**

7

¶16. The circuit judge erred by concluding that this petition had not been timely filed and that we had not granted Walden leave to proceed in the trial court. The circuit judge also erred by focusing a prejudice analysis on the evidence at trial, rather than the plea bargaining process relevant to this claim of ineffective assistance of counsel. Finally, the circuit judge erred by failing to consider whether Walden had shown good cause for his failure to provide additional affidavits. So we reverse the circuit judge's summary dismissal, reverse the Court of Appeals' decision affirming that dismissal, and remand this case to the trial court for proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**WALLER, C.J., RANDLOPH, P.J., LAMAR, KITCHENS, KING, COLEMAN AND BEAM, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.**