# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00912-COA

**KUSHAUNTIA JONES A/K/A KUSHAUNTIA LASHONE JONES**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/29/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SANFORD E. KNOTT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/12/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Kashuantia Jones appeals the Rankin County Circuit Court's denial of her motion for post-conviction relief (PCR). After consideration of the issues raised by Jones, we find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 15, 2015, a Rankin County grand jury indicted Jones on multiple charges: five counts of tax evasion, five counts of fraudulent representation, and one count of computer fraud, in violation of Mississippi Code Annotated sections 27-3-79 (Rev. 2010), 97-7-10 (Rev. 2006), and 97-45-3 (Supp. 2013). Jones qualified for court-appointed counsel,

and the court appointed Dawn Mapp and Darla Palmer to represent Jones.

¶3.    The parties had a settlement conference on June 20, 2016.  The next day, June 21, 2016, the State sent Mapp a plea offer, recommending "five years to serve" concurrent on Counts IV and V (tax evasion) and Count XI (computer fraud), with five additional years suspended.  The plea negotiations deadline was set for June 24, 2016.  Mapp relayed the plea offer to Jones.

¶4.    A few days after Mapp received the plea offer, either June 23 or June 24, 2016, Mapp and Jones briefly met again at Mapp's office.  Mapp had to leave for court for another client, but she instructed Jones to stay at her (Mapp's) office and review discovery materials on her computer.  Mapp testified that before she left, she and Jones reviewed the allegations against Jones, possible defenses, and the plea offer, but Jones was adamant about not pleading guilty.  Jones admits that she was placed at Mapp's computer to review discovery materials, but she disputes that she and Mapp discussed the discovery or the plea offer in detail.

¶5.    The following Monday, June 27, 2016, Jones and Mapp appeared before the circuit judge for Jones's pretrial conference.  The State placed the plea offer that was made and rejected by Jones in the record.  Jones and Mapp stated on the record that the offer was communicated to Jones prior to the guilty-plea deadline and that Jones chose to reject the offer and proceed to trial.  The court then set trial dates.  By this time, the relationship between Mapp and Jones had deteriorated.  Mapp stated that there was a "breakdown in communication between [her and Jones.]"  Nonetheless, Mapp and Palmer remained counsel

2

of record.

¶6.    Trial began on September 27, 2016.  After the State rested its case-in-chief, Jones decided not to call any witnesses.  Instead, Jones entered open guilty pleas on Counts IV and V (tax evasion) and Count XI (computer fraud).  The court questioned Jones extensively, and in response, Jones acknowledged that she understood her rights and was satisfied with her counsel's representation.  From the record, it is unclear whether Jones indicated satisfaction with both Mapp and Palmer's representation or simply Palmer's representation.[1]  Regardless, Jones raised no issue with either attorney's representation and indicated that she fully understood the import of her guilty pleas.  The court accepted Jones's guilty pleas, finding that "[Jones's] plea of guilty [was] freely, voluntarily, knowingly and intelligently made and entered, and further [that] it [had] a factual basis."  The court sentenced Jones to serve twenty years on November 7, 2016: five years each on Counts IV and V (tax evasion) and ten years on Count XI (computer fraud), with each sentence to run consecutively.

¶7.    On June 19, 2017, Jones filed a PCR motion, alleging that she had received ineffective assistance of counsel during plea negotiations.  The circuit court directed the State to respond to Jones's PCR motion, and the State complied.  The circuit court conducted an initial hearing on Jones's motion on March 7, 2018.  During the hearing, the judge, who had also presided over Jones's trial and accepted her open guilty pleas, affirmatively stated that he

---

[1] Mapp left the courtroom shortly before the court's plea colloquy with Jones.  Palmer represented Jones during this part of the proceedings.

would not have accepted the initial "five years to serve" plea agreement offered by the State and rejected by Jones in June 2016. The judge also stated that he believed that Jones "had ample time under the facts and circumstances that [he] heard at trial to accept the offer that was made by [the State.]"

¶8. After that hearing, on May 4, 2018, Jones filed an amended motion. In the amended motion, Jones re-alleged ineffective assistance of counsel,[2] alleged that her indictment was an improper "multiplicitous" indictment, and alleged that her sentence for computer fraud was illegal. After hearing additional evidence on May 7 and May 29, 2018, the circuit court entered an order granting Jones's motion in part. The court amended Jones's sentence for computer fraud, finding that the maximum legal sentence at the time of the offense was only five years. The circuit court denied all other relief.

¶9. Aggrieved, Jones appeals. She contends that she received ineffective assistance of counsel, was subjected to a "multiplicitous" indictment, and was denied equal protection under the law. Finding no error, we affirm.

STANDARD OF REVIEW

¶10. This Court reviews "the dismissal or denial of a PCR motion for abuse of discretion."

---

[2] As part of her argument regarding ineffective assistance of counsel, Jones generally invoked her rights under the United States Constitution "with respect to her claims and defenses," specifically regarding the State's failure, "via the Department of Revenue, to provide an audit of the claims involved in the indictment." On appeal, Jones more specifically raises the Equal Protection Clause of the Fourteenth Amendment, contending that the State treated her differently than others similarly situated by not conducting a civil audit before proceeding with the criminal charges against her.

4

*Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). "We will only reverse if the trial court's decision is clearly erroneous." *Id.* (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). Questions of law are reviewed de novo. *Id*.

## DISCUSSION

### I. *Ineffective Assistance of Counsel*

¶11. Jones contends that she received ineffective assistance of counsel during plea negotiations due to the untimeliness of the plea offer discussions, her counsel's alleged inadequate advice, and the prejudice that resulted. Effectively, Jones asserts that Mapp failed to review her case timely and thoroughly enough to provide the advice necessary for Jones to make an informed decision about whether or not she should proceed to trial. Jones contends that if she had been properly advised, she would have accepted the plea bargain offered by the State to serve five years (with additional time suspended) instead of the combined fifteen-year sentence she actually received (as reduced from twenty years by the circuit court). We find no merit in Jones's contentions.

¶12. To begin with, Jones waived her ineffective-assistance-of-counsel claim when she entered her guilty pleas. "A voluntary guilty plea waives claims of ineffective assistance of counsel 'except insofar as the alleged ineffectiveness related to the voluntariness of the giving of the guilty plea.'" *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (quoting *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011)). Jones does not contend, and the record does not support, that she entered her guilty pleas involuntarily. To

5

the contrary, when she entered her pleas, Jones "freely and voluntarily admitt[ed]" both her guilt and that no one threatened or intimidated her into "changing [her] plea from not guilty to guilty." Further, Jones did not raise any issue with her counsel's representation, during plea negotiations or at any other time, when entering her guilty pleas. *See Hooghe v. State*, 244 So. 3d 81, 90 (¶31) (Miss. Ct. App. 2017) (holding that defendant failed to show counsel's performance was deficient when defendant stated during plea hearing that he was satisfied with representation and "failed to mention anything whatsoever pertaining to this argument").

¶13. Relatedly, Jones affirmatively rejected the plea offer on which she now bases her ineffective-assistance claim. There is nothing in the record to suggest that Jones raised any issue with her counsel's representation. Instead, the record demonstrates that Jones knowingly rejected the plea offer at the time. Although Jones now disputes it, Mapp's testimony indicates that Jones was adamant about not pleading guilty. And Jones herself indicated during her pretrial conference her rejection of the plea offer and her desire to proceed to trial. Jones cannot in hindsight undo her rejection of the plea bargain and her choice to proceed to trial. The record does not support Jones's attempt now to lay fault at her counsel's feet for her decision.

¶14. Finally, even if Jones had not waived her ineffective-assistance-of-counsel claim, she could not meet the two-part test for such a claim, as set forth in *Strickland v. Washington*,

6

466 U.S. 668, 687 (1984).[3]  Under *Strickland*, a defendant must show: (1) that counsel's

performance was deficient; and (2) the deficiency was prejudicial.  *Id*.  Jones fails on both

prongs.

¶15.    Jones fails to show that Mapp's performance was deficient.  "[A] claim of ineffective

assistance of counsel supported only by the movant's own affidavit fails to meet the pleading

requirements of the PCR statute."  *Lovett v. State*, 270 So. 3d 133, 136 (¶10) (Miss. Ct. App.

2018) (citing *Vitela v. State*, 183 So. 3d 104, 108 (¶14) (Miss. Ct. App. 2015)).  Here, Jones

does not provide any other evidence, aside from her own affidavit, to show deficient

performance by Mapp.  Additionally, Jones does not demonstrate good cause for failing to

obtain other affidavits.  *See Walden v. State*, 201 So. 3d 1042, 1046 (¶15) (Miss. 2016).  As

noted supra, the record evidence from pretrial and trial proceedings demonstrates just the

opposite: Jones raised no issue with her attorneys' representation of her.  More specifically,

Jones did not raise any issue with the counsel she received regarding the rejected plea

bargain.

¶16.    More clearly, Jones cannot prove that any deficiency was prejudicial.  Decisions to

accept or reject a proposed plea are solely within the trial judge's discretion.  *Wade v. State*,

802 So. 2d 1023, 1028 (¶22) (Miss. 2001).  During the May 29, 2018 hearing on Jones's

amended PCR motion, the trial judge reiterated "[that he] would not have accepted the [plea]

---

[3] This two-part analysis applies to challenges to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

offer made by the State." The trial judge's statement that he would have rejected the plea bargain offered by the State is fatal to Jones's claim that she was prejudiced by any deficiency in her attorneys' representation regarding the plea offer. *See Culpepper v. State*, 148 So. 3d 386, 392 (¶26) (Miss. 2014) (stating that defendant could not meet the prejudice prong because the trial court's findings cast doubt on whether it would have accepted the State's plea offer). Because the trial judge indicated that he would have rejected the State's initial plea offer, Jones cannot show any prejudice that she would have suffered, and her claim accordingly fails.

II.    "*Multiplicitous Indictment*"

¶17.    Jones also asserts that her indictment was "multiplicitous." She contends that her indictment contains counts that are facially duplicative and subject her to double jeopardy. Specifically, Jones contends that Count IV, which charged her with tax evasion for taxes accruing during 2014, is duplicative of Count XI, which charged her with computer fraud arising from her manipulation of the Department of Revenue's computer systems in evading her tax liability. The circuit court rejected this claim, determining that Jones waived her double-jeopardy challenge when she pled guilty.

¶18.    "The most basic rights of criminal defendants . . . are subject to waiver." *Peretz v. United States*, 501 U.S. 923, 936 (1991). This includes fundamental rights such as protections against double jeopardy. *Id*. at 936; *United States v. Broce*, 488 U.S. 563, 573 (1989). But double-jeopardy charges that are "facially duplicative of an earlier crime are not

8

waived by pleading guilty." *Knight v. State*, 192 So. 3d 360, 365 (¶15) (Miss. App. Ct. 2016) (citing *Menna v. New York*, 423 U.S. 61, 62 (1975)). As detailed below, the charges against Jones are not facially duplicative, and as such, she was properly charged with two distinct crimes. Jones thus waived any double-jeopardy claim upon pleading guilty.

¶19. Irrespective of waiver, Jones's claim also fails on the merits. When determining whether double-jeopardy protections apply, we look to the "same elements" test prescribed by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See, e.g.*, *Graves v. State*, 969 So. 2d 845, 847 (¶8) (Miss. 2007). "The *Blockburger* test instructs us to determine whether each offense contains an element not present in the other; if not, they are labeled the same offense for double-jeopardy purposes, and successive prosecutions and/or punishments are constitutionally barred." *Id*. (citing *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001)).

¶20. A grand jury indicted Jones for tax evasion under Mississippi Code Annotated section 27-3-79. Section 27-3-79(2) states:

> Any person eligible for the tax amnesty program and who fails to make total payment of the taxes due during the tax amnesty period, or any person who willfully attempts in any manner to evade or defeat any tax imposed by the State Tax Commission or the Department of Revenue . . . shall be fined . . . or imprisoned not more than five (5) years, or both.

The grand jury also indicted Jones for computer fraud under Mississippi Code Annotated section 97-45-3. Section 97-45-3(1) states:

> Computer fraud is the accessing or causing to be accessed of any computer, computer system, computer network [,] or any part thereof with the intent to:

9

(a) Defraud; [or]

(b) Obtain money, property or services by means of false or fraudulent conduct, practices or representations; or through the false or fraudulent alteration, deletion [,] or insertion of programs or data . . . .

¶21. Jones contends that the charges are facially duplicative because tax evasion requires a felonious attempt in "any manner" to evade or defeat a tax, and her use of a computer was simply "the manner" she used "to evade or defeat [the] tax" at issue, such that Counts IV and XI of her indictment charged the same crime twice.

¶22. We disagree. Tax evasion and computer fraud are two separate and distinct offenses, each containing at least "an element not present in the other." *Graves*, 969 So. 2d at 847 (¶8). To find one guilty of tax evasion, the State must prove the person "willfully attempts in any manner to evade or defeat any tax." Miss. Code Ann. § 27-3-79(2). To find one guilty of computer fraud, the State must show that the person "access[ed] or caus[ed] to be accessed . . . any computer, computer system, computer network [,] or any part thereof with the intent to . . . [d]efraud, [or] [o]btain money, property or services by means of false or fraudulent conduct . . . ." Miss. Code Ann. § 97-45-3(1). Accessing a computer is thus not a necessary element of tax evasion, and the evasion of taxes is not a necessary element of computer fraud. As such, Jones's indictment charged separate and distinct crimes, and it did not offend our prohibitions against double jeopardy in doing so. Accordingly, we find Jones's double-jeopardy claim to be without merit.

III. *Equal Protection Claim*

10

¶23. Lastly, Jones contends that the Department of Revenue's failure to provide her with a civil audit prior to her indictment denied her equal protection under the law. In her amended PCR motion, as part of her argument that she received ineffective assistance of counsel, Jones generally invoked her rights under the United States Constitution "with respect to her claims and defenses," specifically regarding the Department of Revenue's failure to provide her with a civil audit. The circuit court rejected Jones's assertion that her counsel was ineffective because she failed to demand a civil audit. On appeal, Jones reinvents this issue, specifically raising the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, to allege that the State treated her differently than others similarly situated by failing to conduct a civil audit before proceeding with criminal charges. We find no error in the circuit court's ruling.

¶24. We find that because Jones did not raise an Equal Protection claim in her amended motion, she cannot raise it for the first time on appeal. *Albert v. Allied Glove Corp.*, 944 So. 2d 1, 7 (¶21) (Miss. 2006) (holding that equal protection claim was not presented to trial court and therefore could not be raised for the first time on appeal). To the extent that Jones preserved this issue, she cites no authority for the proposition that the State was required to afford Jones a civil audit before indicting her for tax evasion and computer fraud. We therefore decline to address the merits of this assignment of error. *See J.P.M. v. T.D.M.*, 932 So. 2d 760, 779 (¶61) (Miss. 2006) (stating that appellant's claim was procedurally barred because she failed to cite to any authority). This issue is procedurally barred, and we affirm

11

the circuit court's denial of Jones's amended PCR motion.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE AND McCARTY, JJ., CONCUR. McDONALD, J., NOT PARTICIPATING.**