# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00797-COA

WILLIAM J. MILES                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2019 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ERIC A. TIEBAUER JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.    In February 2015, a Clarke County grand jury indicted William James Miles for statutory rape pursuant to Mississippi Code Annotated section 97-3-65 (Rev. 2014), sexual battery under Mississippi Code Annotated section 97-3-95(1)(c) (Rev. 2014), and exploitation of a child pursuant to Mississippi Code Annotated section 97-5-33(7) (Rev. 2014).  On September 1, 2015, Miles, who was represented by counsel, entered a negotiated guilty plea to the felony of statutory rape.[1]  The circuit court sentenced Miles to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years

---

[1] The State nolle prosequied the remaining charges.

suspended and ten years to serve, and five years of reporting probation under the MDOC's supervision upon release. Miles filed a motion seeking post-conviction collateral relief (PCR) under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2015), which the circuit court denied. Miles appeals, arguing that his conviction should be set aside because of ineffective assistance of counsel. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.　On July 21, 2014, Miles, age thirty-one, was arrested for engaging in a sexual relationship with a fifteen-year-old female minor. In February 2015, a Clarke County grand jury indicted Miles for statutory rape pursuant to Mississippi Code Annotated section 97-3-65, sexual battery under Mississippi Code Annotated section 97-5-95(1)(c), and exploitation of a child under Mississippi Code Annotated section 97-5-33(7).

¶3.　On September 1, 2015, Miles, who was represented by counsel, pleaded guilty to the felony of statutory rape. Miles and his trial counsel negotiated with the State, which resulted in (1) the State's dropping the sexual battery and exploitation charges in exchange for Miles's pleading guilty; and (2) Miles receiving a sentence of twenty years in the MDOC's custody, with ten years suspended and ten years to serve, and being placed on five years of reporting probation under the MDOC's supervision upon release. Prior to accepting the plea, the circuit court questioned Miles regarding the facts and the consequences of pleading guilty. The court asked Miles whether he was satisfied with his attorney's representation. Miles replied that he was. The court asked Miles whether he understood that by pleading

2

guilty, Miles waived his constitutional rights. Miles said he understood. The court asked Miles whether he understood that he was facing more than 100 years of imprisonment if he were convicted of all three charges. Miles said he understood. Finally, the court asked Miles whether he understood that by pleading guilty to the statutory rape charge, he would be sentenced to twenty years, ten of which would be suspended, and following release, placed on five years of probation. Miles answered all of the above questions in the affirmative.

¶4. The circuit court accepted the guilty plea. On the same day of the plea hearing, September 1, 2015, the court sentenced him accordingly. The State nolle prosequied the other charges.

¶5. On September 4, 2018, Miles prepared a pro se PCR motion and sent it to the circuit court some time thereafter. As noted above, the pro se PCR motion was dated September 4, 2018, but the cover letter was dated September 6, 2018. However, the PCR motion was not filed by the clerk until September 24, 2018. In the motion, Miles argued the following errors warranted post-conviction relief: (1) ineffective assistance of counsel; (2) unreasonable search and seizure; (3) violation of his right against self-incrimination under the Fifth Amendment; (4) due process violations; and (5) entitlement to an out-of-time appeal. He claimed that because his attorney told him he "would receive" a sentence of 150 years unless he pleaded guilty, he was coerced into pleading guilty. Miles presented the second and fourth arguments as support for his claim of ineffective assistance of counsel. Miles also claims that his attorney failed to contact a key witness.

¶6. On March 26, 2019, the Clarke County Circuit Court entered its judgment denying and

3

dismissing Miles's PCR motion. The circuit court found the PCR motion was time-barred under Mississippi Code Annotated section 99-39-5(2) because it was filed in excess of three years after entry of the judgment of his conviction. Additionally, the court found Miles failed to provide any evidence or authority to support his constitutional claims or any other exceptions to the time-bar.

¶7. Following the denial of the PCR motion, Miles retained an attorney, who filed a notice of appeal on April 25, 2019. On appeal, Miles raises the sole issue of ineffective assistance of counsel. We find no error by the circuit court and affirm its denial of Miles's PCR motion.

## STANDARD OF REVIEW

¶8. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017). "When reviewing questions of law, our standard is de novo." *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011).

## DISCUSSION

¶9. The UPCCRA provides "an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1). Unless a statutory exception is applicable, a motion for relief must be made, in case of a guilty plea, within three years after entry of the judgment of conviction. *Id*. § 99-39-5(2). The exceptions include (1) an

4

intervening decision of either the United States Supreme Court or the Supreme Court of the State of Mississippi; (2) new evidence not reasonably discoverable at trial; or (3) an expired sentence, or an unlawful revocation of parole, probation, or conditional release. *Id*. § 99-39-5(2)(a)(i),(b). "The burden of proof is on the movant to show if any statutory exceptions to the procedural bars have been met." *McCoy v. State*, 230 So. 3d 1090, 1094 (¶9) (Miss. Ct. App. 2017).[2]

¶10. "[E]rrors affecting fundamental constitutional rights are also excepted from the procedural bar[] . . . ." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (quoting *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010)). Ineffective assistance of counsel can constitute an exception to the UPCCRA's procedural bars. *See Chapman v. State*, 167 So. 3d 1170, 1173-75 (¶¶10, 13) (Miss. 2015). An ineffective-assistance-of-counsel claim "must be sufficiently supported to overcome the bar." *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009). "There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Id*.

¶11. Miles did not file his PCR motion within the three years as required by the statute. He pleaded guilty on September 1, 2015. Therefore, Miles had until September 1, 2018, to file his motion. Because September 1, 2018, was a Saturday, September 2, 2018, was a Sunday, and September 3, 2018, was Labor Day (a legal holiday), Miles had until September

---

[2] "[T]he time-bar [also] includes a movant's PCR claim based on the involuntariness of a guilty plea." *Green*, 242 So. 3d at 179 (¶11).

5

4, 2018, to file his motion. He could have accomplished this had he mailed his motion on September 4 per the prisoner's mailbox rule.[3] Miles presented no proof that he did this. Although Miles dated and signed his motion with the date of September 4, 2018, his cover letter to the court was dated September 6, 2018. Miles could not have mailed his PCR motion by the September 4 deadline if his cover letter was not dated until two days later. Miles provided no proof to the contrary (e.g., prison mailing logs or affidavits). Therefore, his PCR motion, which was filed after his September 4 deadline, is procedurally barred unless his claims fall under an exception.

¶12. In the PCR motion, Miles raised several issues, but on appeal, he raises only the issue of ineffective assistance of counsel. Miles briefly alludes to possible constitutional violations regarding the search of a truck and the police interrogation in the summary of his argument, but only to support his argument for ineffective assistance of counsel. In the summary of the argument, Miles states that "[he] asserts ineffective assistance of counsel due to possible constitutional violations associated with the search of his truck and police interrogation." However, he fails to sufficiently argue the constitutional issues further and provides no authority to support these claims. M.R.A.P. 28(a)(7).

¶13. "To prevail on a claim of ineffective assistance, [Miles] must demonstrate: (1) that his trial attorney's performance was deficient," and (2) that this deficiency was prejudicial

---

[3] "Under the prison mailbox rule, a pleading is deemed timely if it is deposited in the prison mail system within the time required." *Sykes v. State*, 757 So. 2d 997, 1000 (¶12) (Miss. 2000).

6

to his defense. *White*, 59 So. 3d at 636 (¶12) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (other citation omitted). Miles must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hills v. State*, 101 So. 3d 691, 693 (¶9) (Miss. Ct. App. 2012) (quoting *Hannah v. State,* 943 So. 2d 20, 24 (¶6) (Miss. 2006)).

¶14. "Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed 'deficient' for purposes of the *Strickland* standard only if it falls below 'the range of competence demanded of attorneys in criminal cases.'" *Garrett v. State,* 110 So. 3d 790, 793 (¶13) (Miss. Ct. App. 2012) (footnote omitted) (quoting *Baldwin v. State*, 923 So. 2d. 218, 222 (¶12) (Miss. Ct. App. 2005)). Miles alleges his trial counsel inaccurately told him that he would receive a 150-year sentence if he did not plead guilty. Miles claims the improper information coerced him into pleading guilty; and therefore, his guilty plea was involuntary. Miles's claim is without merit.

¶15. At the time Miles entered the guilty plea, the circuit court questioned Miles, under oath, regarding the consequences of his plea; whether he understood the charges; whether Miles voluntarily and intelligently waived his rights associated with a trial; and whether he received effective assistance of counsel. Miles affirmed that he understood all of the above. The circuit court specifically informed Miles that he was facing more than 100 years of imprisonment for the three charges. Thus, the court corrected any misinformation that trial counsel may have given to Miles. "Where a defendant does not question his guilt, nor does

7

he suggest any impairment to any defense that might have been made available to him, this Court has declined to hold that such defendant received ineffective assistance of counsel." *Van v. State*, 270 So. 3d 1117, 1120 (¶10) (Miss. Ct. App. 2018) (quoting *Baldwin*, 923 So. 2d at 222 (¶13)). There is nothing to support Miles's claim that his plea was involuntary or that his counsel's performance was deficient.

¶16. Additionally, a claim of ineffective assistance of counsel must be supported by affidavits other than the defendant's. *Easterling v. State*, 281 So. 3d 243, 250 (¶21) (Miss. Ct. App. 2019). "That obligation may be excused by a showing that the petitioner has good cause for failing to obtain those affidavits." *Walden v. State*, 201 So. 3d 1042, 1045 (¶14) (Miss. 2016). For example, in *Walden*, the petitioner specifically explained that although he knew his trial counsel's address and phone number, he believed that the attorney may have been in federal prison for a drug-related offense. *Id*. at 1046 (¶15). Therefore, Walden would not know how to contact him for an affidavit. *Id*. Additionally, Walden had written the prosecuting attorney in an attempt to retrieve specifics of the plea, and he attached a copy of that letter to his PCR motion. *Id*.

¶17. In this case, Miles failed to provide any supporting affidavits and did not even submit his own. Nor has he shown good cause as to why affidavits could not be obtained. He presented no evidence to show what he did to obtain affidavits. Miles only states that there is a serious difficulty in reaching anyone, particularly a busy public defender, because of his imprisonment. However, unlike Walden, Miles provides no documentation to show he made

8

any effort in obtaining an affidavit from his trial counsel. Miles offers only his unsworn statements alleging the deficient performance of his trial counsel. Additionally, Miles claims that his trial counsel failed to contact a key witness. However, Miles failed to obtain an affidavit from the key witness and made no good-cause showing as to why it was not obtained. Accordingly, we find no merit to this issue.

¶18. In a recent case, similar to the one at hand, a petitioner's PCR motion alleged the attorney told him his pleading guilty would be "his best option" and he "would get one hundred years" if he did not plead guilty. *Lovett v. State*, 270 So. 3d 133, 136 (¶10) (Miss. Ct. App. 2018), *cert. dismissed*, 260 So. 3d 800 (Miss. 2019). Because, "the claim [was] only supported by Lovett's own affidavit, without any attempt to show good cause as to why it could not be fully substantiated," we determined Lovett failed to meet the pleading requirements of the PCR statute. *Id*. Additionally, we pointed out the advice of Lovett's trial counsel to plead guilty could "hardly be called ineffective assistance given the nature of the offenses and the strength of the evidence proffered by the State." *Id*. at 136 (¶11).

¶19. Like *Lovett*, Miles fails to demonstrate how his counsel's performance was deficient and prejudiced his defense. Miles was facing up to 110 years of imprisonment if he were convicted of all three crimes. By pleading guilty to statutory rape, two of the three counts were dropped, resulting in the sentence set out above. By all accounts, this is a favorable outcome considering the maximum sentence. Miles's argument of ineffective assistance of counsel has no merit.

9

**CONCLUSION**

¶20. Finding Miles's PCR motion time-barred and that he failed to prove ineffective assistance of counsel or that any other applicable exceptions apply, the court's denial of his PCR motion is hereby affirmed.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**